\* Burnett *v.* Turner.

· (*Knoxville.*    October 30, 1888.)

1. Constitutional Law.    *Amendatory statutes.    Recital of act amended.    Mechanic's lien law.*

The act approved March 21, 1887, Ch. 85, Acts of 1887, to amend the mechanic's lien law, is unconstitutional and void because it does not recite in its caption or otherwise the substance or title of the act amended as required in § 17 of Art. II. of the Constitution.

Constitution cited: Art. II., § 17.

Act cited: Acts 1887, Ch. 85 (unconstitutional).

(See Hyman *v.* State, *ante* p. 109.)

2. Same.    *Same.    Same.    "Revised Code."*

The recitation in this act "that Section 2746 of the Revised Code shall read as follows," is insufficient.    There is no "Revised Code" of Tennessee, as a matter of law, and as a matter of fact there are two compilations to which the term "Revised Code" is often applied, and equally applicable.    Nothing in this reference indicates which, if either, of these is referred to, and there is, therefore, no identification of the law amended.

---

FROM   HAMBLEN.

---

Appeal from the Chancery Court of Hamblen County.    John P. Smith, Ch.

O. C. King and H. H. Ingersoll for Burnett.

James G. Rose for Turner.

---

\* Syllabus prepared by Judge delivering opinion.    Reporter.

SNODGRASS, J.  H. B. Liverman contracted to build and partly built a house for G. K. Turner upon a lot, the title of which was in the wife of G. K. Turner for life, remainder to their son, David Payne Turner, a minor.

Burnet, the complainant, sold to Liverman lumber of which the house was built, and brings this suit to enforce a supposed furnisher's lien thereon under the Act of 1887, entitled "An act to provide a more just and equitable mechanic's lien law, and to afford mechanics, contractors, sub-contractors, and material men greater security for work done and material furnished." Acts 1887, page 165.

In the event a lien could not be enforced on account of the condition of the title, and Mrs. Turner refused to recognize and agree to said lien, then complainant sought to remove the lumber, which was obtained of him, from the building, in pursuance of Section 2 of the act referred to.

The defendants demurred to the bill on various grounds, and the demurrer being overruled, answered. They set up in both the unconstutionality of the Act of 1887, and insist that if it is valid it can have no such construction as contended for, which would authorize the destruction of the house to reclaim the lumber.

It was further answered and shown that the contract was that of defendant G. K. Turner alone with Liverman; that Liverman was to furnish the lumber and build at a stated price, and it was in-

sisted that Liverman was the "furnisher" in the sense of the statute.

On the hearing the Chancellor held that the complainant was entitled to a lien on the lumber furnished, and ordered a reference to ascertain its amount and value. He then decreed that in the event the value ascertained was not paid the Sheriff should take and remove the lumber from the building and deliver it to complainant.

From this decree complainant appealed, and assigns errors, indicated by statement of defenses of the answer.

In the view we take of it, it is unnecessary to notice any question involved but the constitutional one, as that is conclusive, and though we do not agree with the Chancellor in his construction of the act, we need not even state, much less discuss, the difference in our views on that subject.

The act in question proposes to amend an existing law, and the only reference to the law to be amended is contained in the first section in the declaration:. "That Section 2746 of the Revised Code shall read as follows," proposing a substitute for the entire section referred to.

The objection is that the act does not recite in its caption or otherwise the title or substance of the act revised, repealed, or amended, as required in Section 17 of Article 2 of the Constitution of Tennessee.

The objection is well taken. If the act can operate as a valid law, it is upon the idea that it

Burnett *v.* Turner.

eliminates a section from the "Code" of Tennessee and supplies its place with one of corresponding number.

There is no "Revised Code" of Tennessee, the Legislature not having adopted or enacted any compilation of our statutes as such since the enactment of the Code in 1858, which, being the first Code, is not itself a revision. It therefore follows that it is not the amendment of a recognized law to amend the "Revised Code," nor is it necessarily the amendment of a law to amend any section of such supposed Code by number. It may be that in point of fact a given section of any compilation to which the Legislature might refer, and specifically identify in an amending act, would turn out to be a correct reprint of an existing law; but it is not so by force of its existence in such compilation, or by reason of its having a particular sectional number therein, as is the case in the Code enacted. Therefore, to make an amending act valid there must be something more than the recitation in the Act of 1887. It will be remembered that, while we have no "Revised Code" in law, we have in fact two valuable compilations of the statutes of Tennessee, to either of which this term is often applied, and to both of which it can be applied with equal accuracy.

If it be assumed, as argued, that one of them is referred to, it cannot be told which. Neither is identified by any distinctive legal term applicable to it, or more applicable to it than to the

other.    Nor is the identification made or attempted by designation of the compilers or otherwise.    So that not only is no law, by title or substance, *recited* in the repealing statute, but no *law* is referred to, and, worse still, no book in which it can be found is named or identified in the reference.

It is argued, however, that it can be made to appear, by inference, that the repealing act was intended to amend the mechanic's lien law contained in the last compilation of our statutes by Milliken and Vertrees, because the amending act designates the number of a section, of which the corresponding number there is upon that subject, while the same is not true of the other compilation.    The answer to this is: first, that surely no such inferential method of establishing an amendment could be resorted to in opposition to the plain terms of the constitutional provision cited, requiring that the amendment shall actually "recite the title or substance of the *law* amended"; and second, that such inferential deduction by comparison cannot be made to determine the application of this act or the intent of the Legislature to refer to that "revision," because the act in effect merely strikes out an entire section—not indicating on what subject it is, and therefore not, of course, confining its repealing operation to a section upon the same subject as that to be substituted—and substitutes another. There is no reason why it may not, therefore, as well eliminate and replace the corresponding number in one compilation as the other.

Burnett *v.* Turner.

But it is not necessary to pursue this discussion on this line further. The conceded purpose of the Constitution is to prevent the amendment or change of existing laws, even when they are actually in terms referred to, unless the title or substance is recited. A law therefore which proposed to repeal the original act from which number 2746 in the last compilation originated, or one of its amendments—as the Act of 1881—by reference merely to a certain section of a certain chapter of such act without more would be void; as, suppose the Legislature of 1887 had enacted that Sections 1, 2, and 3 of the Act of 1881 (which is the most material amendment to the mechanic's lien law embodied in § 2746, referred to), shall read as follows, and then substituted for them the sections proposed in lieu of "No. 2746 of the Revised Code," no one would controvert that the attempted amendment was invalid. Can it be possible, then, that if a law *enacted* cannot be so amended by such reference to itself it can be amended by a reference more vague to its mere copy or reprint not enacted anywhere as law?

It is argued that we must, per force, adopt a different construction to save amendments to these compilations, now quite numerous, all of which, it is argued, would be invalidated by like construction. To this we answer, first, that this does not affect the merits of the question, if it were conceded, as it is our duty to give the law a proper construction, not to make it or uphold·it against

the Constitution because there may be many like it, or invalid for like reason; and, second, that the conclusion does not follow, as argued, because it is possible to amend a law in such manner and with such specific recitation and identification as the Constitution requires, whether it be referred to in one or another authorized but not enacted compilation, always provided, as was not the case in this instance, the act identifies the book, where it is to be found, and the amended law, with such recitation as the Constitution requires.

It is sufficient for the purpose of this case, and the holding goes no further, of course, that this reference and attempted recitation is insufficient and the act therefore void.

The decree is reversed and the bill dismissed, with cost.