STATE *v.* RUNNELS.

(*Nashville.*    March 4, 1893.)

1. CONSTITUTIONAL LAW.    *Recitals in amendatory statutes.*

The Constitution requires that amendatory statutes "shall recite in their caption or otherwise the title or substance" of the law amended.    A statute amendatory of the Code was entitled "An Act to amend § 4652, Subsection 16, of the Code of Tennessee," and contained in its body substantially the same description of the law amended. This statute contained no reference to the substance of the law amended.

*Held:* The amended law is sufficiently recited in both the caption and body of the amendatory Act.

Constitution construed: Art. II., § 17.

Act construed: Acts 1889, Ch. 161.

Cases cited: Ransome *v.* State, 91 Tenn., 718; Burnett *v.* Turner, 87 Tenn., 127.

2. CODE OF TENNESSEE.

The compilation of 1858 is entitled "An Act to revise the statutes of the State of Tennessee."    It is provided therein that this compilation "is to be designated as the 'Code of Tennessee.'"    Hence either title may be used in the recital of an amendatory statute.

Code construed: § 41 (M. & V.); § 40 (T. & S,).

FROM   DAVIDSON.

Appeal in error from Criminal Court of David-son County.    J. M. ANDERSON, Judge.

Attorney-General PICKLE for State.

J. WASHINGTON MOORE for Runnels.

CALDWELL, J. Robert Runnels was indicted, under Chapter 161 of the Acts of 1889, for unlawfully and feloniously *entering upon the inclosed lands of O. F. Noel and removing from the stalks the ears of corn growing thereon and attached thereto,* for the purpose of depriving the true owner, O. F. Noel, thereof, and appropriating the same to his own use.

Demurrer was sustained and the indictment quashed, upon the ground of unconstitutionality of the Act. The State appealed in error.

The Act in question is as follows:

"AN ACT to amend ¿ 4652, Subsection 16, of the Code of Tennessee.

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That § 4652, and Subsection 16 thereof, of the Code of Tennessee be so amended as to read: 'That it is hereby declared to be a felony for any one to enter upon the inclosed lands of another and remove from the stalks the ears of corn growing thereon or attached thereto, for the purpose of depriving the owner thereof, and appropriating [the same] to his own use.'

"SEC. 2. *Be it further enacted,* That any person guilty of a violation of the provisions of the first section of this Act shall, upon conviction thereof, be confined in the penitentiary for a period of one

21—8 P

year, or in the county jail for any period less than one year, at the discretion of the jury trying the cause.

"Sec. 3. *Be it further enacted,* That nothing in this Act shall be so understood as to prevent any person having an interest in said corn from gathering the same to be stored or sold, or for individual use.

"Sec. 4. *Be it further enacted,* That this Act take effect from and after its passage, the public welfare requiring it."

The Act is impeached as being in violation of the third clause of Section 17, Article II., of the Constitution of the State. That clause is in these words: "All Acts which repeal, revive, or amend former laws shall recite in their caption or otherwise the title or substance of the law repealed, revived, or amended."

The claim of the demurrant and the opinion of the Honorable Criminal Judge were that the Act assailed *does not* recite, in its *caption* or *otherwise,* the *title* or *substance* of the law amended.

The word "caption," as used in the Constitution, is synonymous with "title," and the word "otherwise" refers to the *body* of the repealing, reviving, or amending Act.

The constitutional requirement, in case of amendment, is met, therefore, if the *title* or *substance* of the "former law" be recited either in *the caption* or in *the body* of the amendatory Act.

The law amended by the Act under consideration is in the language following, namely:

"SEC. 4652. It is declared to be a misdemeanor * * * (16) to sever and carry from such land any grass, hay, corn, grain, fruit, or other vegetables or produce." Code of. Tennessee.

"The substance" of this law is not recited either in the caption or in the body of the amendatory Act. Indeed, no idea of the amended law, not even of the subject treated, is to be gathered from any part, or the whole, of the amending Act.

Is "the title" of the law amended recited in the amendatory Act?

It has been seen already that the latter Act, both in its caption and in the first section, refers to the former law as "Section 4652, Subsection 16, of the Code of Tennessee." It makes no other reference to the former law. Hence, unless those references are to be taken as recitals of "the title" of the law amended, its title is not recited in the amendatory Act.

The "Code of Tennessee" is a well-known volume, containing the revised statute law of the State up to the time of its adoption in 1858. There is but one such book extant. It is made up of parts, chapters, articles, and sections, the latter being numbered consecutively from 1 to 5604, and some of them being divided into subsections, likewise consecutively numbered. This book was adopted by the Legislature as a whole, the title

and the enacting clause of the Act of adoption being as follows:

"AN ACT to revise the statutes of the State of Tennessee.

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That the General Statutes of the State of Tennessee shall be as follows, to wit:" . *     *     *     *

Confessedly the constitutional requirement would be complied with by a recital of that title and a given section and subsection of the book in the caption or body of an amendatory act. To illustrate: The following would be a constitutional caption for an amendatory act, viz.: "An Act to amend Section 4652, Subsection 16, of an Act, entitled 'An Act to revise the statutes of the State of Tennessee.'"

Now, let us go a step further. Section 40 of that revision provides: "This compilation of the laws of the State is to be designated as the 'Code of Tennessee.'" In that way, by competent authority—by the Legislature itself—another title was given to the revision or compilation. As a body of general statutes, it might thereafter be known either by the original title of the Act of adoption, namely, "An Act to revise the statutes of the State of Tennessee," or by the other title, "Code of Tennessee," preference being given to the latter. By the latter title the revision or compilation soon became the more generally and familiarly known; and it was so known and recognized universally

at the time the present Constitution was framed and adopted.

Upon these considerations, we are of opinion that the words, " Code of Tennessee," constitute " the title" of the compilation adopted and enacted in 1858, and amended by the Act' here in question, within the meaning of the constitutional provision being considered; and, consequently, that such amendatory Act is not violative of that provision, but in compliance with it.    That Act *does recite* in its caption *and* otherwise the legal title of the law amended.

This question, as relating to other Acts, was reserved *expressly* in *Ransome* v. *State*, 91 Tenn., 718, and *inferentially* in *Burnett* v. *Turner*, 87 Tenn., 127.

It is well to note a typographical error in § 5403 of the compilation of statutes by Milliken and Vertrees, which section purports to be a reproduction of § 4652 of the Code of Tennessee. In said § 5403, Subsection 15 of said § 4652, appears twice—first as Subsection 11, and then again as Subsection 16, the numbers of the intervening subsections being changed accordingly—and Subsection 16 of said § 4652, which is the subsection amended by the Act of 1889, here involved, is omitted altogether from said § 5403.

Reverse and remand.