IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

---

### JACKSON, APRIL TERM, 1896.

---

SHELTON *v.* STATE.

(*Jackson.*  May 23, 1895.*)

1. CONSTITUTIONAL LAW. *Recital by amendatory Act of the law amended.*

An Act entitled "An Act to amend the criminal laws of the State," which defines and fixes the punishment for the grades of larceny and receiving stolen goods without any more specific recital than its caption affords of the title or substance of the laws amended, is void for want of compliance with the constitutional requirement that amendatory Acts shall recite in their caption, or otherwise, the title or substance of the law amended.

Constitution construed: Art. II., § 17.

Acts construed: Acts 1895, Ch. 205.

Cases cited: Hunter *v.* Memphis, 93 Tenn., 571; State *v.* Runnells, 92 Tenn., 322; Ransome *v.* State, 91 Tenn., 718.

---

*This opinion was not delivered to the Reporter in time for Volume XI.

Shelton *v.* State.

2. SAME. *What constitutes amendatory Act.*

And such Act is expressly amendatory, and not so merely by implication. It falls, therefore, within the constitutional requirement as to amendatory Acts.

Constitution construed: Art. II., § 17.

Act construed: Acts 1895, Ch. 205.

3. SAME. *Recital of Act amended insufficient.*

The recital in such Act of the law amended as "the criminal laws of the State," is not a sufficient compliance with the constitutional requirement as to amendatory Acts.

Constitution construed: Art. II., § 17.

Act construed: Acts 1895, Ch. 205.

---

FROM SHELBY.

---

Appeal from Criminal Court of Shelby County. L. P. COOPER, J.

M. D. FLEMING for Shelton.

Attorney-general PICKLE, R. D. JORDAN, TURLEY & WRIGHT, and G. B. PETERS for State.

CALDWELL, J. Thomas Shelton was indicted and convicted in the Criminal Court of Shelby County for the larceny of a gold watch. Motion for new trial having been overruled, he appealed in error to this Court.

The evidence unmistakably establishes the guilt of the prisoner, showing that he took the watch on the sixteenth day of May, 1895, and that its value was $45.

By Section 1, Chapter 188, of the Acts of 1883, grand larceny is the felonious taking and carrying away of the personal goods of another of greater value than $30; while, under the Act passed and approved May 14, 1895, two days before the taking of the watch, grand larceny consists in the felonious taking and carrying away of the personal goods of another of greater value that $60. So that, under the former law, the prisoner would be guilty of grand larceny, and, under the latter, of petit larceny; the offense in the one case being punishable by imprisonment in the penitentiary from three to ten years (Code, § 4680), and, in the other, by imprisonment in the county jail or workhouse from three to eighteen months. Acts of 1895, Ch. 205, Sec. 2.

The Court instructed. the jury according to the Act of 1883 and the section of the Code just cited, and refused to instruct them according to the Act of 1895. Under the instruction so given, the jury fixed the prisoner's punishment at four years' imprisonment in the penitentiary—a punishment unauthorized and impossible under the late Act, being two years and a half in excess of the maximum punishment there prescribed for petit larceny.

The Judge of the Criminal Court based his action, both in charging and refusing to charge as above stated, upon his opinion that the Act of 1895 violated Sec. 17, Art. II., of the State Constitution. If that opinion be sound, his action was, of course,

correct, and the prisoner was properly convicted; otherwise, it was erroneous, and the prisoner is entitled to a new trial.

That section of the Constitution adjudged to have been violated (with numerals inserted by us to denote the different clauses), is as follows: "(1) Bills may originate in either house, but may be amended, altered, or rejected by the other. (2) No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. (3) All Acts which repeal, revive, or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived, or amended." Const., Art. II., Sec. 17.

. The Act in question is in these words and figures:

"AN ACT to amend the criminal laws of the State.

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That grand larceny shall consist in the felonious taking and carrying away personal goods over the value of sixty dollars, and petit larceny, of the value of sixty dollars or any value thereunder.

"SEC. 2. *Be it further enacted,* That the punishment for petit larceny shall be imprisonment in the county jail or workhouse, where the county has or may have a workhouse, for a period not less than three months nor more than one and a half years.

"SEC. 3. *Be it further enacted,* That the crime of

fraudulently receiving, buying, concealing, or aiding in the concealment of goods not exceeding the value of sixty dollars, which have been stolen from another, shall be punished the same as petit larceny, as provided for in this Act.

"Sec. 4. *Be it further enacted*, That the counties where the crimes are committed and tried shall pay all the costs of the prosecutions for the offenses under this Act, and anyone convicted shall be compelled to work out all the costs incident to their conviction.

"Sec. 5. *Be it further enacted*, That this Act take effect from and after its passage, the public welfare requiring it, and that all persons committing said offenses prior to the time of its passage shall be tried and punished according to existing laws.

"Sec. 6. *Be it further enacted*, That all laws or parts of laws in conflict with this Act, be, and the same are hereby, repealed."

Confessedly, this legislation is amendatory. It is distinctly so characterized by the words of its title. Being expressly amendatory, to be valid it must meet the single alternative requirement of the third, as well as the double imperative reqirement of the second, clause of the constitutional provision just quoted; that is, to be constitutional, the Act must not only embrace a single subject, and have that subject expressed in the title, as is required of all original legislation, but, being expressly amendatory, it must also recite, either in its caption or other-

wise, the title or substance of the laws amended. Only amendments by implication, as contradistinguished from express amendments, like implied repeals (*Hunter* v. *Memphis*, 93 Tenn., 571, and cases cited), are exempt from the mandatory requirement of the third clause of Sec. 17, Art. II., of the Constitution.

The word "caption," as there used, is clearly synonymous with "title," and the word "otherwise" refers to the body of the repealing, reviving, or amending Act; hence, in case of express amendment, as in the Act before us, the last named requirement is complied with when the title or substance of the law amended is recited either in the caption or in the body of the amendatory Act. *State* v. *Runnells*, 92 Tenn., 322; *Ransome* v. *State*, 91 Tenn., 718. The required recital may be in either or both, but it must appear in one or the other. The Act under consideration undoubtedly lacks that imperative prerequisite. Neither in its caption nor elsewhere does it recite the title or substance of the laws intended to be amended. The only mention, in the whole Act, of those laws is found in the caption, and there they are designated in general terms as "the criminal laws of the State." That general designation is not a recital of the "title or substance" of any existing law or laws. If at the time there had been among our statutes a single enactment, or an authorized codification, legally entitled "The Criminal Laws of the State," the reference made might have been sufficient to meet that con-

stitutional mandate.   *State* v. *Runnells, supra.*   But, in the absence of some former law or collection of laws so entitled, to which the reference can be appropriately applied as a recital of title or substance, the Act cannot stand.  By its own terms, as has been seen, the Act is expressly amendatory, and yet it fails, both in its caption and in its body, to recite either the title or substance of any existing law or laws.   It nowhere mentions the title, or attempts to give the substance, of the law or laws intended to be changed; consequently, the Act is manifestly obnoxious to the third clause of Section 17, Article II., of the Constitution, and, being so, it is necessarily null and void.

This being unavoidably conclusive of the case, we pretermit any discussion or decision of the question as to whether or not the Act is also violative of the second clause of that section.   Whether the Act can be held to embrace but one subject, and to express that subject in the title, is not considered or decided.

Affirm.