State v. Brown.                     ·

STATE v. BROWN.

(*Knoxville.*   November, 11,   1899.)

1. CONSTITUTIONAL LAW.   *Recitals of amendatory statutes sufficient,*
   *when.*

   The recital in the caption or body of a statute that it amends
   "Section 4614 of the Code," is such recital of the title of the
   amended statute as satisfies the constitutional requirement
   that amendatory statutes shall recite in their caption, or other-
   wise, the title or substance of the statute amended.   (*Post, pp.*
   *453, 454.*)

   Constitution construed: Article II., Sec. 17.

   Act construed: Acts 1893, Ch. 129.

   Case cited and approved: State v. Runnels, 92 Tenn., 320.

2. SAME.   *Same.*

   A statute which purports and declares in its caption that its ob-
   ject is to amend that section of the Code which punishes carnal
   abuse of females under ten years of age, "so as to raise the
   age of consent as set forth in said section," contains, in its
   caption, such recital of the substance of the amended statute
   as satisfies the constitutional requirement that amendatory
   statutes shall recite, in their caption or otherwise, the title or
   substance of the statute amended.   (*Post, pp. 453, 454.*)

   Constitution construed: Article II., Sec. 17.

   Act construed: Acts 1893, Ch. 129.

   Code construed: § 6455 (S.); § 5365 (M. & V.); § 4614 (T. & S.).

3. SAME.   *Same.*

   The title and substance of the original age of consent statute
   having been sufficiently recited in the caption or body of the
   amendatory statute, it was unnecessary to refer to an interme-
   diate amendatory statute merely changing the punishment of
   the offense, otherwise than as "Chapter 56, Acts 1871."   (*Post,*
   *pp. 453, 454.*)

   Constitution construed: Article II., Sec. 17.

   Act construed: Acts 1893, Ch. 129.

19 P—29

State v. Brown.

4. SAME.   Title and subject of statutes.

A statute whose general subject, as deduced from a just and
proper analysis of its caption and provisions, is the prevention
and punishment of unlawful carnal connection with young
females, does not embrace more than one subject, within the
meaning of the constitutional provision, although it provides
that the age of consent be raised from ten to twelve years,
and also for the punishment of unlawful carnal knowledge
with females over the age of twelve and under the age of six-
teen years and one day.   (Post, pp. 454, 455.)

Constitution construed: Article II., Sec. 17.

Act construed: Acts 1893, Ch. 129.

5. SAME.   Same.

A statute with one general subject may, without violation of the
constitutional provision, embrace as many subdivisions, pro-
visos, exceptions, etc., pertinent to that subject, as can be
grouped together without incongruity.   (Post, p. 455.)

Constitution construed: Article II., Sec. 17.

6. SAME.   Same.

A statute whose general subject, as expressed in the title, is the
prevention of unlawful carnal connection with young females,
does not violate the constitutional requirement that statutes
shall contain but one subject, which shall be expressed in the
title, by providing for the punishment of aiders and abettors
in the crime.   (Post, pp. 455, 456.)

7. SAME.   Same.

It is not essential to the validity of a statute that its title shall
be an index or epitome of its provisions, nor that its title shall
set out the modes, means, or instrumentalities that shall be
provided in the body of the Act for the accomplishment of its
general purpose as expressed in the title.   (Post, p. 456.)

Case cited: State v. Yardley, 95 Tenn., 546.

---

FROM   MARION.

---

Appeal in error from Circuit Court of Marion
County.   FLOYD ESTILL, Judge.

ATTORNEY-GENERAL PICKLE for State.

BYRON E. TATUM for Brown.

CALDWELL, J. The defendant, Jess Brown alias Jess Martin, was indicted in the Circuit Court of Marion County for the unlawful and carnal knowledge of a virtuous female over the age of twelve years and under the age of sixteen years and one day. On his motion the indictment was quashed, and the State prosecutes an appeal in error.

The indictment was based upon the second part of Section 1 of Chapter 129, of the Acts of 1893, and the motion to quash assumed the unconstitutionality of that Act, upon three grounds. The Act is as follows:

"AN ACT to amend section 5365 of Milliken & Vertrees' compilation of the laws of Tennessee, being section 4614 of the Code, as amended by chapter 56, Acts of 1871, so as to raise the age of consent, as set forth in said section, to twelve years, and to prescribe punishment in the penitentiary against persons having carnal knowledge of females over twelve and under sixteen years and one day of age.

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That Section 5365 of Milliken and Vertrees' compilation of the laws of Tennessee, the same being Section 4614 of the Code, as amended by Chapter 56 of the Acts of 1871, be, and the same is hereby, amended so as to read as follows: 'Any person who shall unlawfully and carnally know and abuse a female under the age of twelve years, shall, on conviction, be punished as in the case of rape; and

any person who shall unlawfully and carnally know a female over the age of twelve years and under the age of sixteen years and one day, shall be deemed guilty of a felony in all cases not falling under the statutes relating to rape, and, on conviction, shall be confined in the penitentiary not less than three years nor more than ten years; *Provided,* That no conviction shall be had for said offense upon the unsupported testimony of the female in question; *And provided,* That the provisions of this Act relative to females over the age of twelve years shall not apply to cases in which the defendant and the female in question occupy the relation of husband and wife at the time of such carnal knowledge; *Provided further,* That evidence of the female's reputation for want of chastity at and before the time of the commission of the alleged offense shall be admissible in behalf of the defendant, but this proviso shall only apply when the female is over twelve years of age; *Provided further,* That nothing in this Act shall authorize or warrant a conviction where the female over twelve years of age, is, at the time and before the carnal knowledge, a bawd, lewd, or kept woman.

"Sec. 2. *Be it further enacted,* That any parent or guardian of, or person having the charge, care, or custody of such female, or procuress, permitting, consenting to, aiding, encouraging, or abetting, or conniving at the commission of the offense or

crime aforesaid, shall be deemed a principal in the crime, and punished as such under this Act."

*First.*—In the first place, the Act is impeached as being in violation of the third clause of Section 17 of Article II. of the Constitution of the State, which is in the following words:

"All Acts which repeal, revive, or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived, or amended."

The contention is that the present Act does not, in its caption or otherwise, recite the title or substance of the law amended.

This assailment is doubly met and refuted by an analysis of the present Act, whereby it appears that its caption and also its body, do, in fact, sufficiently recite the title of the law amended, and that its caption sufficiently recites the substance of the law amended. The words and figures, "Section 4614 of the Code," which are used in both the caption and the body of the Act, sufficiently recite the title of the law amended (*State* v. *Runnels,* 92 Tenn., 320); and the words, "so as to raise the age of consent as set forth in said section," etc., used in the caption, sufficiently recite the substance of the amended law, which was as follows: "Any person who shall unlawfully and carnally know and abuse a female under the age of ten years, shall, on conviction, be punished as in the case of rape." Code,

Section 4614 (M. & V., Sec. 5365). "Chapter 56, Acts of 1871," referred to in the caption and body of the present Act as having amended Section 4614 of the Code, need not have been more specifically referred to, since it related alone to the punishment to be inflicted, and in no sense affected the scope or substance of said section, but left them the same as before it was passed.

*Second.*—It is next insisted that the present Act violates the second clause of Section 17, Article II., of the Constitution of the State, which declares that "no bill shall become a law which embraces more than one subject, that subject to be expressed in the title." The insistence is that this provision is doubly violated, in that both the title and the body of this Act embrace two subjects. The title, or caption, does express the purpose to raise the age of consent from ten to twelve years, and also the purpose to prescribe punishment for the carnal knowledge of females over twelve years and under sixteen years and one day of age, and these two purposes are more fully expressed and put in force by the more elaborate language of Section 1 of this Act. Yet this does not establish the proposition that the caption and the body of the Act express and treat, respectively, two subjects. In reality, the subject is single, and the two purposes indicated relate to different parts of that one subject, which is the prevention and punishment of carnal connection with young fe-

State *v.* Brown.

males. This subject, though not formulated in the language we have employed, is clearly expressed in the title when reduced to its shortest meaning and read in connection with the law amended, and such a title, though sufficiently broad in its scope to include two or more different grades or classes of crime, is, nevertheless, single, and expresses but one subject. A single subject, when expressed in general terms, authorizes legislation upon any number of cognate offenses germane to that subject. It is no objection to the present Act that it changes an existing crime and creates a new one, both being embraced in a single subject expressed in the title. The number of subdivisions, provisos, and exceptions in an Act, so long as they are pertinent to the subject and not incongruous, in no way affects the question of its constitutionality. Nor does it militate against the validity of the statute to say that it treats different offenses and prescribes different punishments for them.

*Third.*—Lastly, it is urged as a fatal objection to this legislation that the second section introduces a subject not only not expressed in the title, but wholly foreign thereto. This section provides that all persons aiding or abetting in the commission of the two offenses named in the first section shall be deemed joint principals in the crime, and punished as such.

Manifestly, this provision is germane to the

subject of the Act, and properly within the legitimate scope of the title. It serves to facilitate the object had in view by the lawmakers, in that it is well calculated to diminish or restrain the offences denounced.

The subject of the legislation is general, and being so, it is sufficient to cover all provisions in harmony with the object sought to be accomplished. It was not essential that the title be made an index or epitome of the Act, nor that it should set forth the modes, means or instrumentalities provided in the Act for its administration and enforcement. *State* v. *Yardley,* 95 Tenn., 546.

It follows that the Act is not properly subject to the objections which have been urged against it, that it is a valid statute, and that the indictment in the present case was erroneously quashed.

Reverse and remand.