MEMPHIS STREET RAILWAY COMPANY V. STATE.

 (*Jackson.* April Term, 1903).

1. **STATUTES AND CONSTITUTION.** Amendatory acts must recite title or substance of amended law, under constitutional provisions.

The constitutional provision (art. 2, sec. 17) requiring that all acts which amend former laws shall recite in their caption, or otherwise, the title or substance of the law amended, is violated and not complied with, by a mere reference in the amendatory act to the act to be amended by chapter and volume of an authorized publication of acts, because such a reference is not a recital of the title or substance of the act desired to be amended. The controlling requirement is that the title or substance of the act to be amanded must appear from an inspection of the amendatory act. (*Post, pp.* 602-608, 618.)

Statutes cited and construed: Acts 1891, ch. 52; Acts 1903, ch. 43.

Code cited and construed: Sections 3074, 3075, 3076 and 5584 (S.); section 4552 (M. & V.); section 3799 (T. & S. and 1858).

Case cited and approved: Burnett v. Turner, 87 Tenn., 124.

Constitution cited and construed: Art. 2, sec. 17.

2. **SAME.** Same. Failure of amendatory act to recite title or substance of law amended, is not cured by a reference to it in Shannon's Code.

The fact that the law sought to be amended is referred to in the caption and body of the amendatory act, as being certain sections of Shannon's Code of Tennessee, does not in anywise cure

Memphis Street Ry. Co. v. State.

the defect in the failure of such amendatory act to recite in its caption, or otherwise, the title or substance of the law sought to be amended, because said code is not enacted into a code or law, and has no general title recognized by law, and while it is exceedingly valuable and remarkably accurate, it has not the verity of enacted law or acts, within the meaning of the constitutional provision. (*Post, pp.* 604, 611-613, 618-619.)

Statutes cited: Acts 1881, ch. 67; Code, sections 3074, 3075, 3076 and 3540 (S.); section 2746 (M. & V,); section 1986 (T. & S. and 1858).

Case cited and approved: Burnett v. Turner, 87 Tenn., 129.

3. **SAME. Same. Amendatory act purporting to amend a specified section of the code sufficiently recites title of amended law where Code of 1858 is intended.**

The title of an amended law is sufficiently recited in the amendatory act, where it is entitled an act to amend a specified section of the Code of Tennessee, or a specified section of the code, where the code of 1858 is intended. (*Post, pp.* 615, 617.)

Cases cited and approved: State v. Runnels, 92 Tenn., 320; State v. Brown, 103 Tenn., 449.

Case cited, distinguished and approved: Shelton v. State, 96 Tenn., 521.

4. **SAME Same. Amendatory act must recite either the title or substance of the law to be amended.**

Amendatory act must recite in the caption, or otherwise, either the title or substance of the act to be amended, though it is unnecessary to recite both, for the constitutional provision (Art. 2, sec. 17) requiring such recitation is mandatory and an act not complying therewith is invalid and void. (*Post, p.* 608.)

Cases cited and approved: Cannon v. Mathes, 8 Heisk., 516; McGhee v. State, 2 Lea, 622; Morrell v. Fickle, 3 Lea, 82, 86;

Truss v. State, 13 Lea, 312; Bank v. Haselton, 15 Lea, 239; Hyman v. State, 87 Tenn., 111; Ransome v. State, 91 Tenn., 717; State v. Runnels, 92 Tenn., 320.

5. **SAME.** Same. Same. **Amendatory act reciting substance of that portion of act to be amended is sufficient.**

An amendatory act reciting the substance of that portion of the act which it is intended to amend, so that the legislature may see and understand the effect of its action is sufficient, and it is not necessary to recite the substance of other portions of the act which are to be affected in no way by the amendment. (*Post, pp.* 609-610.)

Cases cited and approved: State v. Gaines, 1 Lea, 736.

6. **SAME.** Same. **Amendatory act reciting title of amended act and proposing to amend it is sufficient, valid and constitutional.**

The title of the amendatory act reiting the title of the original act proposed to be amended, without enlarging its scope, or indicating the character of the proposed amendment, is sufficient and the amendatory act is valid and constitutional, if the amendment is germane to the original act and is embraced in the title to the original or amended act, since the title of the original act is made part of the amendatory act the particulars of the amendatory act need not be shown by its title. (*Post. pp.* 611, 613, 614.)

Cases cited and construed: Hyman v. State, 87 Tenn., 109; State v. Algood, 87 Tenn., 166; Ruohs v. Athens, 91 Tenn., 20.

7. **SAME.** **Implied repeals not governed by constitutional requirement as to recitation of title, or substance of amended law in amendatory act.**

The constitutional provision (art. 2, sec. 17) requiring that "all acts which repeal, revive or amend former laws shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended," does not apply to acts which, by their written provisions work a repeal of previous acts by nec-

Memphis Street Ry. Co. v. State.

essary implication, and the presence of an express repealing clause has no force whatever to place the act under the constitutional requirement and provision. (*Post, pp.* 611, 616-618.)

Cases cited and approved: Insurance Company v. Taxing District, 4 Lea, 644; Ballentine v. Pulaski, 15 Lea, 633; Railroad v. Sadler, 91 Tenn., 508; Henley v. The State, 98 Tenn., 665-667; Memphis v. Express Company, 102 Tenn., 340; State, ex rel. Tyler, v. King, 104 Tenn., 163, 168; Zickler v. Bank, 104 Tenn., 277.

8. **SAME. The term "otherwise" in constitutional provision means preamble or body of the amendatory act.**

The term "otherwise" in the constitutional provision (art. 2, sec. 17) requiring that "all acts which repeal, revive or amend former laws shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended" can only mean the preamble or body of the act as contra-distinguished from the title or caption. (*Post, pp.* 609, 615.)

Cases cited and approved: State v. Gaines, 1 Lea, 736; Bank v. Haselton, 15 Lea, 239; Ransome v. State, 91 Tenn., 717; State v. Runnels, 92 Tenn., 320; State v. Yardley, 95 Tenn., 557; Shelton v. State, 96 Tenn., 521.

9. **SAME. The term "substance" in constitutional provision is synonymous with the word "subject."**

The term "substance" in the constitutional provision (art. 2, sec. 17) requiring that "all acts which repeal, revive or amend former laws shall recite in their caption, or otherwise, the title or substance of the law repealed, revived, or amended," is synonymous with the word "subject." (*Post, pp.* 613-614.)

Case cited and approved: Ransome v. The State, 91 Tenn., 717.

10. **SAME. The word "caption" used in constitutional provision is synonomous with the word "title"**

The word "caption" used in the constitutional provision (art. 2, sec. 17) requiring that "all acts which repeal, revive or amend former laws, shall recite in their caption or otherwise, the title

Memphis Street Ry. Co. v. State.

or substance of the law amended" is synonymous with the word "title." (*Post, p.* 615.)

Case cited and approved: State v. Runnels, 93 Tenn., 320.

11. **SAME. All intendments and doubts in favor of constitutionality of statutes.**
Every intendment must be made in favor of the constitutionality of statutes that can be legally indulged, and all doubts must be resolved in favor of it. (*Post, p.* 610.)

Cases cited and approved: Morrell v. Fickle, 3 Lea, 82; Cole v. Manufacturing Company, 90 Tenn., 466; State v. Yardley, 95 Tenn., 546.

---

FROM SHELBY.

---

Appeal in error from the Criminal Court of Shelby county.—JOHN T. MOSS, Judge.

WRIGHT, PETERS & WRIGHT, for Memphis Street Railway Company.

ATTORNEY-GENERAL CATES, for State.

---

MR. JUSTICE WILKES, delivered the opinion of the Court.

The street railway company is convicted of violating the provisions of chapter 43 of the Acts of 1903 of the

State of Tennessee, and sentenced to pay a fine of $200, and has appealed to this court and assigned errors.

In the court below a motion to quash the indictment was made upon several grounds.    This motion to quash was overruled, and the cause was heard upon its merits, before the trial judge; a jury being waived by consent of parties.

It appears from the record that the defendant company was operating a street railway in the city of Memphis, county of Shelby, State of Tennessee, and was the only company operating a street railroad in that city; that the city had a population of more than 150,000; that it wholly failed and refused to provide separate accommodations for white and colored passengers, as required under chapter 52, p. 135, of the Acts of 1891, as amended by chapter 43 of the Acts of 1903.

The questions raised by the motion to quash are the same as those presented on the trial of the case on the merits, and they need not be separately considered.

Several assignments of error are made, and they may be briefly stated as follows:    (1)    That the Act of 1903 fails to comply with that part of section 17, article 2, of the constitution of the State of Tennessee, which provides that "no bill shall become a law which embraces more than one subject, that subject to be expressed in the title." (2) That it violates the remaining portion of the same section, which provides, that "all acts which repeal, revive or amend former laws shall recite in their caption or otherwise the title or substance of the law

repealed, revived or amended." (3) That the amendment made is not germane to the subject of the original act, nor is it embraced within its title. (4) That it is class legislation, making distinctions unnatural, unreasonable, and arbitrary, and it is not, therefore, the law of the land, but is partial, and applies only to Shelby county, and in its results only to the defendant road. (5) That it is repugnant to the fourteenth amendment of the constitution of the United States, which guarantees the equal protection of the laws.

The act of 1903, now attacked, as well as the act of 1891, which it undertakes to amend, are as follows:

"Senate Bill No. 37. Chapter ——, Acts of 1903.

"An act to be entitled 'An act to amend chapter 52 of Acts of 1891, being sections 3074, 3075, and 3076 Shannon's Code of Tennessee, so as to include street railways and street railroads.'

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that chapter 52 of the Acts of 1891, being sections 3074, 3075, and 3076 of Shannon's Code of Tennessee, be and the same is hereby amended so as to include all street railroads and street railways in any county in the State of Tennessee having one hundred and fifty thousand inhabitants, or over, as shown by the federal census of 1900, or any subsequent federal census.

"Sec. 2. Be it further enacted, that this act take effect from and after its passage, the public welfare requiring it."

Memphis Street Ry. Co. v. State.

The title of this Act of 1891 is:

"CHAPTER 52.

"An act to promote the comfort of passengers on railroad trains by requiring separate accommodations for the white and colored races.

"Section 1.   Be it enacted by the general assembly of the State of Tennessee, that all railroads carrying passengers in the State (other than street railroads) shall provide equal, but separate accommodations for the white and colored races, by providing two or more passenger cars for each passenger train, or by dividing the passenger cars by a partition so as to secure separate accommodations:   Provided, that any person may be permitted to take a nurse in the car or compartment set aside for such persons:   Provided, that this act shall not apply to mixed and freight trains which only carry one passenger or combination passenger and baggage car:   Provided always, that in such cases the one passenger car so carried shall be partitioned into apartments, one apartment for the whites and one for the colored.

"Sec. 2.   Be it further enacted, that the conductors of such passenger trains shall have power and are hereby required to assign to the car or compartment of the car (when it is divided by a partition) used for the race to which such passengers belong, and should any passenger refuse to occupy the car to which he or she is assigned by such conductor, said conductor shall have power to refuse to carry such passenger on his train, and for such refusal neither he nor the railroad company

shall be liable for any damages in any court of this State.

"Sec. 3.    Be it further enacted, that all railroad companies that shall fail, refuse or neglect to comply with the requirements of section 1 of this act shall be deemed guilty of a misdemeanor, and, upon conviction in a court of competent jurisdiction, be fined not less than one hundred nor more than five hundred dollars, and any conductor that shall fail, neglect, or refuse to carry out the provisions of this act shall, upon conviction, be fined not less than twenty-five nor more than fifty dollars for each offense.

"Sec. 4.    Be it further enacted, that this act take effect ninety days from and after its passage, the public welfare requiring it.

"Passed March 11, 1891.

"THOMAS R. MYERS,

"Speaker of the House of Representatives.

"W. C. DISMUKES,

"Speaker of the Senate.

"Approved March 27, 1891.

"JOHN P. BUCHANAN, Governor."

It will be seen that the law sought to be amended by the Act of 1903 is referred to in the caption or title of the latter act as "chapter 52 of the Acts of 1891, being sections 3074, 3075, 3076, Shannon's Code of Tennessee," and the purpose of the act is stated to be "to include street railways and street railroads;" that is to extend

the provisions of chapter 52, p. 135, Acts, 1891, "so as to include street railways and street railroads."

On behalf of the State it is argued that our statute (Code, sec. 3799; Shannon's Compilation, sec. 5584), provides that the acts of the legislature may be proved by a copy purporting to have been printed by order of the legislature.

The act sought to be amended in this case purports to have been printed under the authority and by order of the legislature as chapter 52, p. 135, of the Acts of 1891.

It has been the uniform custom to refer to acts by the chapter and volume as they are published, except that the laws contained in the General Statutes of 1858 are referred to as the "Code of Tennessee," or the "Code," specifying the section.

This is, it must be conceded, an easy, convenient, reliable, and definite mode of citation or reference, and it has been uniformly adopted by this and other courts, and affords a quick and ready reference to any act to which it is desired to call attention.

But such a reference, without more, necessitates and requires an examination of the volume and chapter cited in order to see what the act contains, either in its caption or body.

For the State it is insisted that in an amendatory act it is sufficient to refer to the act to be amended by citing the volume and chapter of the authorized and published acts. Can this contention be maintained?

The exact question here presented has not heretofore

been directly passed upon by this court, though this provision of the constitution has been frequently under consideration. It is the general rule to recite in the amendatory act the title or substance of the act to be amended.

Evidently it is not necessary to recite both the title and substance of the original act, but a recital of either is sufficient. *Bank* v. *Haselton,* 15 Lea, 239; *Ransome* v. *State,* 91 Tenn., 717, 20 S. W., 310; *State* v. *Runnels,* 92 Tenn., 320, 21 S. W., 665.

But the plain and unambiguous language of the constitution is that either the title or substance must be recited; and this provision, as well as similar provisions in the constitution, is mandatory, and any act not complying therewith is invalid and void. *Cannon* v. *Mathes,* 8 Heisk., 516; *Morrell* v. *Fickle,* 3 Lea, 82; *Truss* v. *State,* 13 Lea, 312; *Hyman* v. *State,* 87 Tenn., 111, 9 S. W., 372, 1 L. R. A., 497.

The question recurs: Is a reference to the act to be amended by chapter and volume sufficient compliance with the constitutional provision? There is a broad difference between a reference to an act and a recital of its title or substance.

A reference to an act by volume and chapter carries with it no intimation whatever as to the title or substance of the act, or the character or subject-matter of the .act referred to.

To apply to the present case: The act of 1903 under consideration purports to extend the provisions of the

act of 1891 to street railways and street railroads, but gives no intimation whatever, in its caption or body, what the act of 1891 contains.

If we look alone to the title or the body of the act of 1903, and its references to chapter 52, p. 135, Acts 1891, we cannot tell whether the latter act refers to telephones, distilleries, or commercial roads, or any of the other numerous subjects of legislation.

If we could infer that it related to commercial railroads, we could not tell whether it dealt with the condemnation of lands, the fixing of fares, the protection of passengers, carriage of freights, or any other features of railroad regulation and legislation.

The language of the constitution is that the title or substance of the act to be amended must appear in the amending act, either in its caption or otherwise. The term "otherwise" can only mean the preamble or body of the act, as contradistinguished from the title or caption. *State* v. *Gaines,* 1 Lea, 736; *State* v. *Yardley,* 95 Tenn., 557, 32 S. W., 481, 34 L. R. A., 565; *Shelton* v. *State,* 96 Tenn., 521, 32 S. W., 967.

And the constitutional requirement is not met when existing laws are actually in terms referred to, unless the title or substance is recited. *Burnett* v. *Turner,* 87 Tenn., 129, 10 S. W., 194.

The act to be amended need not be set out *in extenso;* and in *State* v. *Gaines,* 1 Lea, 736, it was held that the recital of the substance of that part of the act which was

110 Tenn—39

to be repealed or amended, so that the legislature might see and understand the effect of its action, is sufficient. The controlling requirement is that the title or substance of the act to be amended must appear from an inspection of the amending act.

As the matter under consideration is one of great importance, we deem it desirable to collate and to some extent comment upon the decisions of this court relating to and construing this constitutional provision, though none of them may be conclusive in the present case. In doing so we bear in mind and give full force to the rule so often announced that every intendment must be made in favor of the constitutionality of the law that can be legally indulged, and all doubts must be resolved in favor of it. *Morrell* v. *Fickle,* 3 Lea, 82; *Cole Manf. Co.* v. *Falls,* 90 Tenn., 466, 16 S. W., 1045; *State v. Yardley,* 95 Tenn., 546, 32 S. W., 481, 34 L. R. A., 656.

In *State* v. *Gaines,* 1 Lea, 736, the act in question was held constitutional because it recited the substance of that portion of the act which it was intended to amend; and it was held not necessary that the entire act, which was a general revenue act of many provisions, should be recited.

In *McGhee* v. *State,* 2 Lea, 622, an act which had a sufficient title in itself was held unconstitutional, because it changed prior laws without reciting the title or substance of the prior laws thus changed.

In *Morrell* v. *Fickle,* 3 Lea, 86, it was held that an act which did not recite the title or substance of a former

Memphis Street Ry. Co. v. State.

act repealed was defective, but the defect was cured by the passage of another act at the same session of the legislature, which was free from the objection; the two acts being considered together and as part of the same legislation.

In *Home Insurance Company* v. *Taxing District,* 4 Lea, 644, it was held that the provision of the constitution now under consideration does not apply to acts which by their written provisions operate a repeal of previous acts by necessary implication.   See, also, *Ballentine* v. *Town of Pulaski,* 15 Lea, 633; *Railroad* v. *Sadler,* 91 Tenn., 508, 19 S. W., 618, 30 Am. St. Rep., 896.

In *Bank of Rome* v. *Haselton,* 15 Lea, 239, it is held that, if the title of the act repealed is recited in the body of the repealing act, that is a compliance with the constitutional provision.

In *Hyman* v. *State,* 87 Tenn., 109, 9 S. W., 372, 1 L. R. A., 497, it was held that the amendatory act, whose caption merely recites the title of the original act, without enlarging its scope, is constitutional and valid, provided its purview is germane to the title of the original act; and, if the title of the original act is sufficient, it is not necessary that the title of the amending act be likewise sufficient in and of itself.

In *Burnett* v. *Turner,* 87 Tenn., 124, 10 S. W., 194, it was held that an amending act was unconstitutional which simply referred to section 2746 of the Revised Code as the act to be amended.   The court said there

was no Revised Code of Tennessee, because none has been adopted or enacted by the legislature; and it was not the amendment of a recognized law to amend the Revised Code, nor to amend any section of such supposed code by number. "It might be," said the court, "a correct reprint of an existing law; but it is not so by virtue of its existence in such compilation, or by reason of having a particular sectional number therein, as is the case in the enacted Code of 1858."

It was further said by the court that as a matter of fact there were two compilations of statutes to which the term "Revised Code" could be applied with equal accuracy. So that not only is no law by title or substance recited in the repealing statute, but no law is referred to, and, worse still, no book is named or identified in the reference. It was further said that no inferential method could be resorted to, in opposition to the plain terms of the constitutional provision requiring that the amending act shall actually recite the title or substance of the act amended. Continuing, the court said: "The conceded purpose of the constitution is to prevent the amendment or change of existing laws, even when they are actually in terms referred to, unless the title or substance is recited. A law, therefore, which proposed to repeal the original act from which No. 2746 in the late compilation originated, or one of its amendments, as the Acts of 1881 (Laws 1881, p. 79, c. 67), by reference merely to a certain section of a certain chapter of such act, without more, would be void. As, suppose

the legislature of 1887 had enacted that sections 1, 2, and 3, of the Act of 1881 (which is the most material amendment to the mechanic's lien law embodied in section 2746 referred to), should read as follows, and then substitute for them the sections proposed in lieu of No. 2746 of the Revised Code. No one would controvert that the attempted amendment was invalid. Can it be possible, then, that, if a law enacted cannot be so amended by such reference to itself, it can be amended by a reference more vague to its mere copy or reprint, not enacted anywhere as law?"

The holding of the court in this case decides, at least arguendo, the very question involved in the present controversy.

In *State* v. *Algood,* 87 Tenn., 166, 10 S. W., 310, it was said that the title of the amending act need not indicate the character of the proposed amendment, if the amendment is germane to the original act and is embraced in the title of the original or amended act, since, the title of the original act being made part of the amending act, the particulars of the amending act need not be shown by its title.

In *Ransome* v. *State,* 91 Tenn., 717, 20 S. W., 310, it is held, as in *Bank of Rome* v. *Haselton,* 15 Lea, 239, that it is sufficient if the amending act shall recite the subject of the statute amended in the body of the amendatory statute, without more.

It is evident that the learned judge who delivered that opinion treated the word "reference" as synonymous

with "recital," and the word "subject" as synonymous with "substance," in that case. He says: "If the 'substance,'—that is, the 'subject'—of the act amended be recited, it will be sufficient. Such a reference to 'the subject or substance' will sufficiently identify the law intended to be amended." Accordingly in that case the court found the subject or substance of the act to be horse-racing, and that subject (or substance) was recited in the amending act, and this, continues the learned judge, "clearly recites the subject or substance of the act amended as one referring to running races." The act was decided, upon this ground and reasoning, to be valid and constitutional, though it would have been so on a different ground, set out in *State* v. *Runnels,* 92 Tenn., 341, 21 S. W., 665, which was treated as a question reserved at that time.

In *Ruohs* v. *Athens,* 91 Tenn., 20, 18 S. W.,400, 30 Am. St. Rep., 858, it was held that the constitutional requirement was complied with, because the repealing act recited in its caption the title of the act portions of which were repealed, and in express terms repealed certain sections of the act (by number) of which the title was set out; and it was held that it was immaterial that the title of the original act contained no reference to the part of the subject-matter to be affected by the repeal, nor did the repealing act give any intimation, either in its caption or body, of the nature of the legislation to be repealed.

In *State* v. *Runnels,* 92 Tenn., 320, 21 S. W., 665, a

statute amendatory of the code was entitled "An act to amend section 4652, subsection 16, of the Code of Tennessee" (Laws 1889, p. 307, c. 161), and contained in its body substantially the same description of the law amended. It was held that the amended law was sufficiently recited in both the caption and body of the amendatory act.

It was also held in that case that the word "caption" is synonymous with "title," and that the word "otherwise," used in the constitution, means the body of the repealing, revising, or amending statute. It was also held that the compilation of laws in 1858 is entitled "An act to revise the statutes of Tennessee," and that it was provided in the compilation that it should be designated as the "Code of Tennessee," and that either of these expressions might be used as the title of any section of the code in the recital of an act amending, revising, or repealing it. It was held that the substance of the act to be amended in that case was not recited in either the caption or title of the amending act, and that no idea of the amended law, not even of the subject treated, could be gathered from any part of the whole of the amended act. The court held, however, that the words "Code of Tennessee" constitute the title of the compilation of 1858, and the amending act, referring to a section of the Code of Tennessee, does sufficiently recite, in its caption and otherwise, the legal title of the law amended.

The question as relating to other acts was stated to be

expressly reserved in *Ransome* v. *State,* 91 Tenn., 718, 20 S. W., 310, and inferentially in *Burnett* v. *Turner,* 87 Tenn, 127, 10 S. W., 194.

In *Shelton* v. *State,* 96 Tenn., 521, 32 S. W., 967, an act which had for its caption "An act to amend the criminal laws of the State" was held not to be a sufficient compliance with the constitutional requirement; that such a general designation was not a recital of the title or substance of any existing law or laws.

It was said that, "if there was a single enactment or an authorized codification legally entitled the 'Criminal Laws of the State.' then the reference (or recital) might have been sufficient.   But, in the absence of some former law or collection of laws so entitled, to which the reference can be appropriately applied as a recital of title or substance, the act cannot stand.   By its own terms, as has been  seen, the act is expressly amendatory, and yet it fails both in its caption and body to recite either the title or substance of any existing law or laws.   It nowhere mentions the title, or attempts to give the substance, of the law or laws intended to be changed, and hence is obnoxious to the constitution and nesessarily null and void."

In *Henley* v. *State,* 98 Tenn., 665, 707, 41 S. W., 352, 1104, 39 L. R. A., 126, the act in controversy was held not to be an amendatory act, but a new and original law; and, if it could be held to be a repealing law, it was so only by implication, and need not, therefore, recite the act repealed or modified—citing cases.

In *Memphis* v. *Am. Ex. Co.,* 102 Tenn., 340, 52 S. W., 172, it was held that the case presented was one of implied repeal, and the presence of an express repealing clause had no force whatever, and hence the act did not come under the constitutional requirement and provision.

In *State* v. *Brown,* 103 Tenn., 449, 53 S. W., 727, it is held in accord with *State* v. *Runnels,* 92 Tenn., 320, 21 S. W., 665, that the recital in the caption or body of a statute that it amends section 4614 of the code satisfies the requirement of the constitution, and that the chapter 56, p. 50, Acts 1871, also referred to in the caption and body of the amending act as having amended section 4614 of the code need not have been more specifically referred to since it related alone to the punishment to be inflicted, and in no sense affected the scope or substance of the section, but left them the same as before it was passed. It was further said that it was not necessary that the title should be an index or epitome of the provisions of the act, nor that it should set out the modes, means, or instrumentalities that shall be provided in the body of the act for the accomplishment of its general purpose as expressed in the title.

In the case of *State, ex rel., Tyler* v. *King,* 104 Tenn., 163, 168, 57 S. W., 150, the case presented was one of implied repeal, and was held not to fall within the constitutional provision we are now considering. And so with the case of *Zickler* v. *Union Bank & Trust Co.,* 104

Tenn., 277, 57 S. W., 341, which was held to be a case of implied repeal.

We have thus examined and commented upon the several cases to be found in our books relating more nearly to the questions here involved; but none of them directly decide the case, as here presented, except the case of *Burnett* v. *Turner,* 87 Tenn., 124, 10 S. W., 194, and there it is treated and disposed of arguendo.

So that at last we are driven to decide what is the proper meaning and construction of the constitutional provision as applied to a case like the present, when the chapter and volume of an authorized publication of acts is referred to in the caption of the amending act; and we are constrained to hold that such reference to chapter and volume is not a compliance with the constitutional requirement, in that there is no recital of the title or substance of the act desired to be amended.

While we base our decision upon the words of our constitution and the previous holdings of this court, so far as applicable, we are of opinion that it is in accord with the holdings in other States having similar constitutional provisions.

The fact that Acts 1891, p. 135. c. 52, referred to in the caption of the act of 1903, as being sections 3074, 3075, and 3076, of Shannon's Code of Tennessee, does not in any wise cure the defect.   Shannon's Compilation or Code, though exceedingly valuable, and in constant use by the courts and people, is not a code enacted into a law, as is the Code or General Statutes of 1858; and

Memphis Street Ry. Co. v. State.

while a reference to it is sufficiently definite to indicate the volume meant, still it is not enacted into a code or law, and has no general title recognized by law, and it falls within the reasonings of the court in *Burnett* v. *Turner,* 87 Tenn., 129, 10 S. W., 194, and its several provisions, while remarkably accurate, have not the verity of enacted law or acts within the meaning of the constitutional provision.

For the reasons and upon the grounds stated, we are of opinion that the act in question is invalid and unconstitutional, and should have been so declared by the court below on the motion to quash.

The judgment of the court below is reversed, and the indictment is quashed, and the county will pay the costs.