## HAYES *v.* HOLLY SPRINGS.

IN ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF MISSISSIPPI.

Argued March 17, 1885.—Decided March 30, 1885.

The Constitution of Mississippi, adopted December 1, 1869, provided as follows, (Art. 12, sec. 14:) "The Legislature shall not authorize any county, city, or town, to become a stockholder in, or to lend its credit to, any company, association, or corporation, unless two-thirds of the qualified voters of such county, city, or town, at a special election, or regular election, to be held therein, shall assent thereto." A city in that State subscribed for stock in a railroad corporation, after what was called a "special election" was held, but neither the election nor the subscription was authorized by any act of the Legislature. Afterward, the Legislature passed an act providing "that all subscriptions to the capital stock of the" corporation, "made by any county, city, or town in this State which were not made in violation of the Constitution of this State, are hereby legalized, ratified, and confirmed." Thereafter the city issued bonds to pay for its subscription. In a suit against the city, by a *bona fide* holder of coupons cut from the bonds, to recover their amount: *Held,*

(1.) The intention of the Legislature to confirm and ratify the subscription could not be ascertained with certainty from the language of the act;

(2.) The bonds were void, for want of power to issue them, notwithstanding any recitals on their face, or any acts *in pais,* claimed to operate by way of estoppel.

This was a suit for the collection of coupons cut from bonds, issued by the defendant, a municipal corporation in Mississippi. The facts which make the case are stated in the opinion of the court.

*Mr. H. T. Ellett* for plaintiff in error.

*Mr. E. M. Watson* [*Mr. W. S. Featherston* also filed a brief for same] for defendant in error.

Mr. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit at law brought by J. Addison Hayes, in the District Court of the United States for the Northern District of Mississippi, against the Mayor and Aldermen of the city of Holly Springs, to recover the sum of $8,560, as due on 568 coupons, cut from 43 bonds, for the payment of $16,250, purporting to be issued by the city of Holly Springs, in the State of Mississippi, the bonds and coupons being owned by the plaintiff. Each bond is in the following form:

"State of Mississippi, City of Holly Springs. Bond. Issued in payment of stock of the Selma, Marion and Memphis Railroad Co. No. ——, $——. Fifteen years.

Know all men by these presents, that the City of Holly Springs, Marshall County, in the State of Mississippi, acknowledges itself indebted and firmly bound to the Selma, Marion and Memphis Railroad Company, in the sum of —— dollars, which sum the City of Holly Springs promises to pay to the Selma, Marion and Memphis Railroad Company, or bearer, at the Holly Springs Savings and Insurance Company, Holly Springs, Mississippi, on the first day of January, A.D. one thousand eight hundred and eighty-seven, together with the interest thereon from the first day of January, A.D. one thousand eight hundred and seventy-two, at the rate of eight per cent. per annum, which interest shall be payable semi-annually, on the presentation and delivery of the attached interest coupons, at the office of the said Holly Springs Savings and Insurance Company.

This bond is issued under and in pursuance to an order of the Board of Mayor and Aldermen of the City of Holly Springs, Marshall County, State of Mississippi, made under authority of the Constitution of the State of Mississippi, and the laws of the Legislature of the State of Mississippi, and authorized by a vote of the people of the said City of Holly Springs, at a special election held for the purpose.

[Corporate seal.] In testimony whereof, the said City of Holly Springs has executed this bond by the mayor of said city, under the order of said city's board of mayor and aldermen, signing his name thereto, and by the treasurer of said city, under the order thereof, attesting the same, and affixing thereto the said seal of the said city of Holly Springs.

This done at the city of Holly Springs, Marshall County, State of Mississippi, this first day of January, A.D. 1872.

HENRY A. COOPER,<br>
<em>Mayor of the City of Holly Springs.</em>

LEWIS BEEHLER,
<em>Treasurer of the City of Holly Springs.</em>"

The questions in the case arise on a demurrer to the declaration, the facts alleged in which are as follows: The defendant is a municipal corporation created by the Legislature of the State of Mississippi. By the Constitution of Mississippi, adopted December 1, 1869, and still in force, it is provided as follows, by Article 12, section 14: "The Legislature shall not authorize any county, city, or town to become a stockholder in, or to lend its credit to, any company, association, or corporation, unless two-thirds of the qualified voters of such county, city, or town, at a special election, or regular election, to be held therein, shall assent thereto." In the fall of 1871 the inhabitants of the city of Holly Springs were desirous that the city should subscribe for stock in the Selma, Marion and Memphis Railroad Company, whose road was to be constructed through or near the city. The mayor and aldermen, in conformity to the wishes of the inhabitants, on the—— day of ————, 1871, ordered a special election to be held, in pursuance of the Constitution, on the 30th day of December, 1871, to

ascertain whether two-thirds of the qualified voters of the city would assent to a subscription by it to $75,000 of the capital stock of said company, and to issue the bonds of the city in payment of the subscription, "having to run" to the 1st of January, 1887, and bearing interest at eight per cent. per annum, payable semi-annually. Due notice was given of the election, and it was held on the 30th of December, 1871, under the direction and supervision of the mayor and aldermen; and, at the election, largely more than two-thirds of all the qualified voters of the city voted in favor of the subscription and the issuing of the bonds, and assented thereto, and thereby authorized and directed the mayor and aldermen to make the subscription, and to issue and deliver the bonds. After the election, to wit, on the 1st of January, 1872, the defendant, in pursuance of the vote, subscribed for $75,000 of the capital stock of the company, and agreed and undertook to issue its bonds in payment thereof as soon as the same could be prepared, and received the regular and proper certificates therefor, which it still holds and has never surrendered or offered to surrender. By an Act of the Legislature of Mississippi, approved March 16, 1872, Laws of 1872, ch. 75, p. 313, entitled "An Act to facilitate the construction of the Selma, Marion and Memphis Railroad," it was provided, § 4, "that all subscriptions to the capital stock of the said Selma, Marion and Memphis Railroad Company, made by any county, city, or town in this State, which were not made in violation of the Constitution of this State, are hereby legalized, ratified, and confirmed." By another act of that Legislature, approved April 19, 1872, Laws of 1872, ch. 102, p. 120, it was provided, § 1, "that any county through which any railroad will pass, incorporated city or town along the line of any railroad, or contiguous thereto, may subscribe to the capital stock of said company in any sum;" and § 2, "that no such subscription shall be made until the question has been submitted to the legal voters of such county or counties, city or cities, incorporated town or towns, in which the subscription is proposed to be made;" and § 3, that if it shall appear that two-thirds of the legal voters of such county, city, or town have voted for subscription, the subscription shall be

made, and bonds not having more than twenty years to run to maturity be issued to the company therefor. On the 26th of April, 1872, the defendant, in payment of the subscription, executed and delivered to the company its coupon bonds, under its corporate seal, to the amount of $75,000, bearing date January 1, 1872, and payable January 1, 1887, with interest at the rate of eight per cent. per annum, payable semi-annually, and in the form before set forth, with coupons for the semi-annual interest attached, of the following form:

"CITY OF HOLLY SPRINGS,
MARSHALL COUNTY, MISSISSIPPI,
*January 1st, 1872.*

$—— The City of Holly Springs acknowledges to owe the sum of —— dollars, payable to bearer on the first day of 18  , at the office of the Holly Springs Saving and Insurance Company, Holly Springs, Mississippi, for six months' interest on bond No.     (No. of bond.)

LEWIS BEEHLER,
*Treasurer of the City of Holly Springs.*"

After the issuing and delivery of the bonds to the company, the defendant, for several years, continued to levy and collect taxes for the payment of the interest accruing on the bonds, and took up the coupons as they fell due, and voted the stock so subscribed, in the election of directors of the company, and in all stockholders' meetings of the company. On the 1st of January, 1875, the plaintiff became the *bona fide* holder for value, in due course of trade, and without any notice or knowledge of any illegality in the bonds, or want of power to issue them, of forty-three of the bonds, and is the owner of five hundred and sixty-eight of the coupons, identifying sufficiently the bonds and coupons.

The demurrer sets forth, as causes of demurrer, that the declaration does not show that there was any power to order the election, or to hold it, or to subscribe for the stock, or to issue the bonds and coupons.

The court sustained the demurrer, and judgment was given for the defendant. The plaintiff has brought a writ of error.

It is not claimed there was any statute in existence which authorized at the time the action of the mayor and aldermen of the city in ordering what is called the "special election" to be held, or which authorized at the time the holding of any election, general or special, on the question of a subscription to the stock of the company. Under the provision of the Constitution of Mississippi before cited, it is clear that the authority of the Legislature is necessary to enable the county, city or town to become a stockholder in, or lend its credit to a corporation. The Act of March 16, 1872, relied on as the validating Act, was passed after the so-called election took place, and after the making of the subscription, but before the issuing of the bonds.

It is contended for the plaintiff in error, that the Constitution contemplated that the vote might be taken in advance of the granting by the Legislature of authority to subscribe. But, however that may be, it is manifest, we think, that the provision of the Constitution confers no authority to subscribe for stock. The Legislature must authorize the subscription, either by a statute, passed in advance, providing for an election, and for obtaining the assent of the required two-thirds of the qualified voters, to be followed by a subscription; or by a proper statute of distinct ratification and authorization, passed after there has been such assent of two-thirds of the qualified voters, at an election, as the Constitution requires. The provision is inhibitory on the Legislature, and not permissive or enabling to the city.

Whether the voting which the declaration says took place was the holding of such an election as the Constitution contemplated (for the assent is to be given at an election to be held, and not otherwise), is a question not necessary to be decided. Because we are of opinion that the Act relied on as a validating or ratifying Act has no such effect. It provides, "that all subscriptions to the capital stock of the" company in question, "made by any county, city, or town in this State, which were not made in violation of the Constitution of this State, are hereby legalized, ratified, and confirmed." It is urged, that the qualifying words "which were not made in violation of the

Constitution of this State," were unnecessary, because the Legislature could not make valid any act done in violation of the Constitution; and it is sought to have the provision construed as if it read that all subscriptions, made after such a voting as took place in this case, are legalized, ratified, and confirmed. But this assumes that the Legislature regarded such voting as being the holding of such a special election as the Constitution requires. If the Legislature had distinctly, in words, designated and identified such voting, and adopted it as being such an election, and as evidencing the assent required by the Constitution, it might be held that there was an intention manifested to ratify this particular voting and assent and subscription, still leaving it open to be determined whether, on the whole, the Constitution had been complied with, and the Legislature had, in fact and in law, authorized the subscription. Such a designation and identification of a voting at an election, described as resulting in an approval by the constitutional two-thirds of the qualified voters, followed by an authority to Grenada County, declared to be based on such approval, to subscribe for stock in the Vicksburg and Nashville Railroad Company, is found in the act of the Legislature of Mississippi, approved January 27, 1872, Laws of 1872, ch. 71, p. 290, § 4, seven weeks before the act in question was approved. It was the act involved in *Grenada County* v. *Brogden*, 112 U. S. 261, where this court held that it was a valid confirmatory act. But no such view can be taken of the act in this case. The intention of the Legislature to confirm and ratify the subscription in question cannot be ascertained, with certainty, from the language of the act, which is too vague to form the basis of so important an authority as that sought to be deduced from it. As is said in *State* v. *Stoll*, 17 Wall. 425, 436, if the Legislature intended to do what is claimed "it was bound to do it openly, intelligibly and in language not to be misunderstood," and "as a doubtful or obscure declaration would not be justifiable, so it is not to be imputed."

Even a *bona fide* holder of a municipal bond is bound to show legislative authority in the issuing body to create the bond. Recitals on the face of the bond or acts *in pais*, operat-

ing by way of estoppel, may cure irregularities in the execution of a statutory power, but they cannot create it. If, as in the present case, legislative authority was wanting, the bond has no validity.

The general act of April 19, 1872, is referred to in the declaration. But it does not avail in this case; for, although the bonds were issued after its passage, the subscription took place before, and the act applies only to future elections and subscriptions and authorizes only bonds bearing interest at seven *per cent.* per annum.

*Judgment affirmed.*