# RUOHS *v.* ATHENS.

## (*Knoxville.* November 17, 1891.)

1. MUNICIPAL BONDS. *Void in hands of bona fide holder for value, when.*

   If the charter of a municipal corporation is absolutely void, its bonds, though regular and proper in every other respect, are void, even in the hands of a *bona fide* holder for value. There is in such case no corporate existence, and therefore no corporate power, and of such defect the purchaser of municipal bonds must, at his peril, take notice.

   Case cited and approved: 118 U. S., 425.

2. MUNICIPAL CORPORATIONS. *Charter of void, when.*

   A municipal corporation, acting under charter purporting to have been issued pursuant to Acts 1875, Ch. 92, entitled "An Act to regulate and organize municipal corporations," etc., and Acts 1877, Ch. 121, amendatory thereof, has not, in contemplation of law, any existence or powers unless there has been indorsed upon the application for charter and registered with it, the certificate of the officer holding the election as to "corporation" or "no incorporation" showing "the number of voters on the list, and that at least two-thirds thereof have voted in favor of the incorporation of the town."

   Acts construed: Acts 1875, Ch. 92; Acts 1877, Ch. 121, Sec. 8.

   Case cited and approved: Hooper *v.* Rhea, MS., Knoxville, 1885.

3. SAME. *Repeal of charter.*

   Athens was incorporated in 1860, by the County Court, pursuant to the general law contained in § 1349 *et seq.* of Code of 1858. On February 25, 1870, an Act was passed granting Athens a special legislative charter. The corporation accepted this charter, organized and existed under it until 1879, when an Act was passed repealing the charter of 1870.

   *Held:* Athens was without corporate existence after the repealing Act of 1879. The County Court charter was abandoned by acceptance

of legislative charter of 1870, and was not revived upon repeal of that charter.

Code construed: §§ 1349 *et seq.* (T. & S.).

Acts construed: Acts 1869-70, Ch. 69; Acts 1879, Ch. 255.

Case cited and approved: Burk *v.* State, 5 Lea, 349.

4. CONSTITUTIONAL LAW. *Validity of repealing statutes.*

By §§ 39-49, inclusive, of an Act passed February 25, 1870 (prior to Constitution of 1870), Athens was granted a legislative charter. This Act embraced several distinct subjects, and its title contained no reference to this part of its subject-matter. By an Act passed in 1879 this charter was repealed. The repealing Act gave no intimation, either in its caption or body, of the nature of the legislation to be repealed, but recited in its caption the title of the Act of 1870, and in express terms repealed "Sections 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, and 49 of Chapter 69 of an Act passed February 25, 1870."

*Held:* This repealing Act of 1879 does sufficiently recite in its "caption or otherwise the title or substance of the law repealed."

Constitution construed: Art. II., Sec. 17.

Acts construed: Acts 1869-70, Ch. 69; Acts 1879, Ch. 255.

5. SUPREME COURT. *Its opinions, how construed.*

In determining what has been decided by an opinion of this Court, the statement of facts contained in the opinion must be taken as conclusive, and may not be changed or corrected by reference to the record or otherwise.

---

FROM M'MINN.

---

Appeal from Chancery Court of McMinn County. H. R. GIBSON, sitting by interchange.

DEWITT, THOMAS & DEWITT, and PRITCHARD, SIZER. & THOMAS for Ruohs.

ROBESON & GASTON, P. B. MAYFIELD, and BURKETT, MANSFIELD & TURLEY for Athens.

SNODGRASS, J.   Complainant brings this suit to recover of defendant, alleged to be an incorporated town of this State, the amount now due him upon certain interest-bearing bonds issued by defendant on October 1, 1888.   There were twenty-two of these bonds, of the denomination of $1,000 each, payable to bearer October 1, 1908, with interest at six per cent., payable semi-annually, evidenced by coupons attached.   They were issued to the Nashville and Tellico Railroad Company in consideration for stock subscribed by defendant.   The bonds were purchased by complainant, who is a *bona fide* holder, and they were regularly issued and under proper legislative authority, and are valid and binding obligations of defendant if defendant is a legally incorporated city, or if, as between itself and complainant, it cannot rely on the defense of non-corporate existence now interposed.

At the time of the issuance of said bonds, and for some years prior thereto, it was acting as a corporation.   As such it issued the bonds through its proper officers, and under its corporate seal, with such recitations as were proper, and showed the legality of the bonds in case they were issued by the corporation duly organized.

It did assume a legal existence as a municipal corporation, and legal power as such to issue the bonds.   Legislative power thus assumed existed to

issue the bonds, if it were a corporation, and the first question is: Was it a corporation legally, as well as in fact, organized.

It appears that the town of Athens was originally incorporated by the County Court of McMinn County, in the year 1860, under Code, §§ 1349 *et seq.*, but that that organization of the corporation was superseded by the organization of the town as a municipal corporation under the Act of 1869–70, Chapter 69, Sections 39 *et seq.*, pages 500 *et seq.*; that the Act of 1869–70 was repealed by the Act of 1879, Chapter 255, page 296, and said repeal was accepted and acquiesced in; that the town was without municipal organization or government until June or July, 1881, when an attempt was made to organize said town into a municipal corporation under the Act of March 25, 1877 (Acts 1877, Chapter 121, amending Acts 1875, Chapter 92), which attempt was void because the certificate of the Sheriff holding the election was not indorsed on the application and registered with it, as required by Section 8 of the Act of 1877, Chapter 121.

This was the defense set up by defendants, the last Board of Mayor and Aldermen of the town, averring, in consequence, that all acts under such attempted incorporation were void, together with further plea that they had resigned, and their resignations had been accepted before the filing of complainant's bill.

We state the above facts respecting the incorporation and repeals and effort to re-organize and

failure, because without elaborating the propositions or debating the questions involved in the statement, we hold them to be settled as stated, and time forbids that we should attempt the detailed answer to the able and elaborate arguments of complainant's counsel to the contrary, which these arguments so well merit.

It is sufficient to say that it has been settled that the Act of 1879 repealed the charter of 1870, and this did not revive the incorporation of 1860. *Burk* v. *The State,* 5 Lea, 349.

It is said this case should not be followed, that it was upon an agreed statement of facts, and, even if correct thereon, is erroneous on the real facts. It does not appear to be on an agreed statement of facts, and we cannot look outside the opinion to determine that question. What appears in an opinion is the matter submitted to the Court and agreed to in consultation, and not that which might have existed and not been submitted. The Court concurs in an opinion as it appears, and is bound by it, and not by any thing outside of or beyond it. The record cannot be looked to to correct or change it. But besides, the opinion deals with the question of effect of repealing statutes which could not have appeared differently to the Court then and now.

In this opinion a litigation fairly involving the very questions now in issue was discussed and disposed of. It is conclusive, and we have no disposition to review it.

Here the repealing Act of 1879 was held valid, but in this case it is again assailed as void under Section 17 of Article II. of the Constitution providing that "Acts which repeal, revive, or amend former laws shall recite in their caption or otherwise the title or substance of the law repealed, revived, or amended."

The Act is not open to this objection. It does in its caption recite the title of the Act repealed.

It is not necessary to pursue the argument of complainant's counsel that this repealing Act is an exception because the title of the Act repealed conveyed no idea of the purpose of the last Act. The Act by reference to that repealed, when the latter was read, did show its purpose. It would mislead no one who read the Act referred to.

The town of Athens was therefore not incorporated when it made an effort to organize under the Act of 1877. That effort failed for the reason that the certificate of the Sheriff holding the election was not indorsed on the application for charter and registered with it. The charter was therefore void by express provision of the statute. · Acts of 1877, Ch. 121, Sec. 8, p. 146; *Hooper* v. *Rhea,* MS., Knoxville, 1885.

It consequently, follows that the town of Athens was not a legally incorporated town when it issued the bonds in question. This brings us to the most serious question in the case: Whether the defendant can now rely on the defense of no cor-

porate existence, having acted as a corporation and issued the bonds while in apparent exercise of legal corporate power. This is a question of much difficulty. There is a line of most respectable cases on the negative of the proposition stated, but in none of them is the question determined that a corporation attempting to organize under a general law which declares that the charter shall be void for non-compliance with special provisions thereof, shall be held by estoppel or otherwise to be a corporation. But whatever may be the rule held elsewhere, it is settled here in cases most maturely considered that a body or corporation having no legal existence has no legal power to issue bonds or obligations of a binding character, and that such body or corporation does not obtain a *de facto* status so as to require a direct proceeding by the State to avoid its existence or its acts. In the two opinions in *Hooper* v. *Rhea,* already referred to, the last proposition is settled, and the first is determined in certain cases in this State, cited and approved in case of *Norton* v. *Shelby County,* 118 U. S., 425; Lawyers' Co-op. Ed., Book 30, p. 178.

The rule here established, and which met the approval of that Court in that case, was that want of power to issue involved want of legal creation of the body which did issue the bonds, and that if there was no *de jure* office, created which could be filled, there could be no *de facto* officer filling it; if there was no *de jure* corpora-

Ruohs *v.* Athens.

tion, it could have no *de facto* representation. This is a sound view, and we re-assert it as correct.

Such a rule would not of course apply to irregularly organized corporations, or those which obtained such validity by special grant of the State or compliance with general law, as to be merely voidable organizations, and such as the State by direct proceeding could alone dissolve; but where the Constitution or the statute provides that acts done or omissions occurring in effort to organize a municipal corporation shall render the attempt to organize and the charter invalid and of no force whatever, it is not left to the Court to disregard this statutory or constitutional prohibition at the instance of a creditor deceived by the appearance of an organization. It was his duty to ascertain, first, is there a legal corporation; and, second, has it power to issue the bonds proposed to be sold. He must, at his peril, determine both questions for himself.

The decree is affirmed with cost.