BEYER v. CITY OF ATHENS, TENN.

CLEMENS v. SAME.

(Circuit Court of Appeals, Sixth Circuit. February 11, 1918.)

Nos. 3049, 3050.

1. MUNICIPAL CORPORATIONS ⬤⊐7—EXERCISE OF FUNCTION.
    Two lawfully organized municipal corporations cannot exercise their functions over the same population and territory.

2. ABATEMENT AND REVIVAL ⬤⊐27—ABSENCE OF NECESSARY PARTIES—INVALIDLY ORGANIZED MUNICIPALITY.
    An action in a Tennessee court on bonds, brought against the town of Athens, an alleged municipality, and its officials, was defeated on the ground of the invalidity of the organization of the town. Prior to rendition of the judgment of the lower court, Act Tenn. March 25, 1891 (Acts 1891, c. 70), providing for the incorporation of the city of Athens, was approved by the Legislature; but the city was not organized until after the judgment of the trial court was affirmed. Held, in view of Milliken & V. Code Tenn. 1884, § 3559, now Shannon's Code Tenn. 1896, § 4568, declaring that actions do not abate by the death or other disability of either party, or the transfer of any interest therein, if the cause of action survives or continues, such judgments cannot be treated as nullities on the theory that, as the town was defectively incorporated, there was no one in existence to represent it, for the city of Athens, not having been organized, could not have been brought in as a party.

3. JUDGMENT ⬤⊐682(2)—CONCLUSIVENESS—PERSONS CONCLUDED.
    A judgment in the state court, brought by plaintiff's predecessor, which denied recovery on bonds issued by a purported Tennessee municipality on the ground that it had not been validly organized, is conclusive on plaintiff, who took the bonds with notice of the judgment.

4. JUDGMENT ⬤⊐681—CONCLUSIVENESS—PERSONS CONCLUDED.
    A judgment against plaintiff's predecessor, denying recovery on bonds on the ground that the town issuing them was defectively incorporated,

⬤⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
    249 F.—54

is not a conclusive adjudication that a subsequently incorporated city by the same name did not assume the liability of such bonds.

5. MUNICIPAL CORPORATIONS ☞19—ASSUMPTION OF DEBTS—STATUTES.

Sp. Act Tenn. March 25, 1891, (Acts 1891, c. 70), providing for the incorporation of the city of Athens, contained no language in terms charging the city with any obligation, regardless of its validity purporting to have been created by the town of Athens, the incorporation of which was determined to have been invalid, while Act Tenn. March 26, 1903 (Acts 1903, c. 179), abolishing the charter of the city expressly provided for payment of the debts of the corporation so dissolved. *Held* in view of the silence of the first legislative act and of the fact that the defectively organized town had received no benefit from the bonds issued by it, it must be inferred that it was not intended that the city should assume any liability on account of such bonds.

6. MUNICIPAL CORPORATIONS ☞935—VALIDATION OF BONDS—STATUTES.

Where bonds of a municipality have theretofore been judicially declared invalid, a distinct and unmistakable purpose on the part of the legislative body by statute to validate such bonds is essential to a recovery.

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Actions by George Wescott Beyer and by William J. Clemens against the City of Athens, Tenn., which were heard together. There were judgments in each case for defendant, and plaintiffs bring separate writs of error. Judgments affirmed.

W. D. Tatlow, of Springfield, Mo., and C. W. K. Meacham, of Chattanooga, Tenn., for plaintiffs in error.

J. A. Fowler, of Knoxville, Tenn., for defendant in error.

Before WARRINGTON, KNAPPEN, and MACK, Circuit Judges.

WARRINGTON, Circuit Judge. November 9, 1914, the plaintiffs in error each brought an action against the city of Athens in the court below to recover on certain bonds and attached interest coupons, negotiable in form and purporting to have been issued by the "town and corporation of Athens" on October 1, 1888, the bonds in terms maturing October 1, 1908, and the coupons semiannually. Nine pleas were interposed to each declaration, and issue was joined in each case by the usual replication. The cases were heard before the court and jury upon an agreed statement of facts and were treated as though the actions had been consolidated; but no formal order to that effect appears in the record, and on the contrary separate writs of error were allowed. However the cases were heard together here, and will be disposed of as one cause. The plaintiffs in error, hereinafter called plaintiffs, and the defendant, the city of Athens, moved respectively for peremptory instructions, and under direction of the court the jury returned a verdict finding the issues in favor of defendant. Motion for new trial was overruled, and judgment entered for defendant, January 9, 1917. The plaintiffs bring error.

The basis of both the directed verdict and the judgment in substance was: (1) That the court below regarded itself as bound by a deci-

sion of the Supreme Court of Tennessee holding these particular bonds not to be binding obligations of the town of Athens, for the reason that under the Tennessee statutes the steps which had been taken to incorporate the town were void (Ruohs v. Athens, 91 Tenn. 20, 18 S. W. 400, 30 Am. St. Rep. 858; and (2) that although during the pendency of Ruohs v. Athens the Legislature of Tennessee enacted a statute incorporating "the town of Athens * * * and the inhabitants thereof" under the name city of Athens, yet it did so without in terms charging the city with any obligation purporting to have been made by the old town of Athens, and the learned trial judge, while recognizing the class of decisions which in effect hold that such an incorporating act would impliedly impose liability on the city of Athens for such if any valid indebtedness as might then have existed against the town of Athens, ruled that the principle of those decisions could not be applied to any obligation which was not in any sense binding on the town of Athens.

[1-3] We think Judge Sanford was right in these rulings and, in spite of the great range of discussion and citations by counsel, this opinion may safely be confined to a consideration of the two questions so determined. In the first place, it is objected that Ruohs v. Athens, was not binding upon the trial court for the reason that the enactment of the statute incorporating the city of Athens operated to deprive the state courts of jurisdiction of the case; counsel urging that the town of Athens, "whether a de jure, de facto, or a void municipal organization," as also any right in the individual defendants officially to represent the town, ceased to exist upon the passage of this statute, and that in consequence the judgment was a nullity for want of necessary parties. It appears in the agreed statement of facts that on November 18, 1889, Ruohs, as the owner and holder of the identical bonds sued on herein, brought his suit in the chancery court of Mc-Minn county, Tenn., against the town of Athens, describing it as a municipal corporation under the laws of Tennessee, and Virgil Turner, mayor, and James Gettys and others, constituting what was alleged to have been the board of aldermen of the town; that on January 23, 1891, Ruohs filed an amended bill against the same defendants and against various other defendants named as having been officially connected with the municipal government of the town at the time the bonds were issued. In their answer defendants alleged facts challenging the validity of the organization of the town as a municipal corporation under an act of 1877 (chapter 121) and likewise the power of the town to issue the bonds in suit. The defense thus made was sustained in both the court of first instance and the Supreme Court. In view of the report of the Supreme Court decision (91 Tenn. 20, 18 S. W. 400, 30 Am. St. Rep. 858) it is not necessary to allude further to the issues made in that suit, the point now being simply to show the presence of defendants (sued as the last municipal officials) in addition to the town of Athens. The scheme of the suit was, first, to hold the town of Athens upon the bonds in suit; and, second, to hold the officials individually who participated in the issue of the bonds, in the event that the town could not be held. It should also be stated that the decisions

in that case were rendered in the court of first instance April 11, 1891, and in the Supreme Court November 17th following, and that while the act to incorporate the town under the name of city of Athens was approved March 25th of the same year (Acts 1891, c. 70) still the city was not organized until 1892. According to the terms of the act the first election thereunder was not to be held until the third Monday of April, 1891; and in their brief plaintiffs' counsel call attention to a decision of the Supreme Court of Tennessee to the effect, and there is no dispute as to the fact, that on April 11, 1891 (date of decision of chancery court in Ruohs v. Athens), "there was no one in existence * * * authorized to represent the city of Athens which 'was in esse as a legal entity' at that time, as the mayor and aldermen had not qualified and did not do so until about the first of January, 1892." Burkett v. City of Athens (Tenn. Ch. App.) 59 S. W. 667. In other words, both decisions in Ruohs v. Athens, the one in the chancery court and the other in the Supreme Court, were rendered before the city of Athens was organized.

In this state of facts it is not easy to follow counsel in their contention, already pointed out, that the decrees of the Tennessee courts in Ruohs v. Athens were nullities because of the lack of necessary parties. Any effort to bring the city of Athens into the case as a defendant or to substitute it in place of the town of Athens would naturally have been met by the objection that the city was not an organized body and was not possessed of any accredited representatives; indeed this is the precise effect of the decision in Burkett v. City of Athens, before cited, 59 S. W. at p. 669. It is plain that the Supreme Court of Tennessee, as also the court of first instance, after issue was once joined, treated the town of Athens and its codefendants throughout the pendency of Ruohs v. Athens in the respective courts as in fact parties to the suit, and with the same degree of certainty and practical effect as they treated Ruohs himself as a party. Surely all these parties, plaintiff and defendants alike, were entitled to know whether recovery could be had upon the bonds or in consequence of their issue, and this could not be finally ascertained until the court of last resort of the state should determine the question; and until then there was as much reason for the presence of the defendants as there was at the beginning of the suit. Further, the very argument of counsel impliedly concedes that the town of Athens was an appropriate party until at least the statute incorporating the city of Athens was passed; and it hardly can be doubted that this remained true until the city of Athens, with its corporate right to be and to do, was organized so as to be efficiently represented.

It is true, as counsel claim, that two lawfully and fully organized municipal corporations cannot exercise their respective functions over the same population and territory at the same time (1 Dillon Mun. Corp. [5th Ed.] § 354, and note 2 with citations); but this rule does not meet the situation we have here. There was not even one lawfully and fully organized corporation in existence, much less one in the exercise of its corporate functions over the people and territory of the town of Athens, from the time Ruohs v. Athens was commenced until

after final judgment was entered therein; and we see no reason why the town of Athens and its codefendants were not the proper and necessary parties defendant until the city of Athens was organized so as to enable it to exercise its legitimate powers. This is fairly deducible from the decision in King v. Pasmore, 3 Term Rep. 97, 130, 131, since the absence of representatives of the old corporation and the consequent right to create a new corporation there found to exist are analogous to the absence of representatives of the city of Athens until its organization could be effected and the right meanwhile in the town of Athens and its codefendants to remain and be treated as parties defendant in Ruohs v. Athens. See, also, State of Florida v. Town of Winter Park, 25 Fla. 371, 380, 381, 5 South. 818, followed in Town of Enterprise v. State ex rel., 29 Fla. 128, 141, 10 South. 740. It would therefore be going too far to hold, under the conditions pointed out, that the failure to attempt to make the city of Athens a party to the suit operated to abate the suit; and yet this is what the argument for plaintiffs comes to be. We cannot assent to such a view. It is opposed even to the statutory provision of Tennessee which declares that "actions do not abate by the death * * * or other disability of either party, or by the transfer of any interest therein, if the cause of action survives or continues" (Milliken & V. Code 1884, § 3559, now Shannon's Code 1896, § 4568). Upon principle the instant case is not distinguishable in this respect from East Tennessee & Georgia R. R. Co. v. Washington Evans, 53 Tenn. (6 Heisk.) 607, 609, where it was held that the suit was "properly prosecuted to judgment in the names of the parties to the record." Swartwout v. Michigan Air Line R. R. Co., 24 Mich. 389, 403; Westwater v. Murray, 245 Fed. 427, 434, —— C. C. A. —— (C. C. A. 6). It must follow that each court had jurisdiction to render decree in Ruohs v. Athens. The validity of the bonds was there put to a severe test, since admittedly Ruohs had purchased them for value, without actual notice, though with constructive notice, of the fatal defect in the attempt to incorporate the town of Athens. It was not a case of irregularity in the issue of the bonds. The trouble was the total want of power in the town to issue or otherwise to bind itself upon the bonds. Ruohs v. Athens, 91 Tenn. 25–27, 18 S. W. 400, 30 Am. St. Rep. 858. This judgment was rendered before the bonds, though not before some of the coupons, matured; and it is vain to say that it was not binding upon Ruohs and his privies. The present plaintiffs obtained the bonds in suit through purchase from the heirs of Ruohs and admittedly with actual notice of the Ruohs suit and judgment. Since the very bonds now in issue were adjudged to be void as against the town of Athens, the issue presented upon that subject in the instant case must be treated as res adjudicata, and of course as binding both upon the court below and here.

[4, 5] We come in the next place to the question whether the incorporation of "the town of Athens * * * and the inhabitants thereof * * * under and by the name of the city of Athens" operated to charge the city with liability for payment of the bonds in

suit.[1] It must be conceded that the estoppel of the judgment in Ruohs v. Athens is not in itself conclusive of this question. It must, however, be accepted as a postulate that the bonds were void as against the town of Athens. We are therefore bound to look to the incorporating acts just referred to for a legislative purpose, if there be any so to charge the city of Athens; for it cannot be assumed that the legislative body intended to impose a liability of the character mentioned, unless it did so in clear and unmistakable language. It is not claimed, and we do not find, that any of the language contained in the legislation alluded to in terms charges the city of Athens with any obligation, regardless of its validity, purporting to have been created by the town of Athens. If in reality it had been the intent to impose such a liability upon the new corporation, it would have been easy to say so. When, on March 26, 1903, the Legislature abolished the charter of the city bearing date March 25, 1891, it expressly provided for payment of the debts of the corporation so dissolved (see reference before set out in margin); and the significance of this express provision is augmented by the fact that nothing in the nature of a curative provision has ever been enacted in respect of the bonds here involved. The reason for the silence of the Legislature in respect of these bonds may well be inferred from the fact that the town of Athens never received any consideration for the issue of the bonds. It appears in the agreed statement of facts that the bonds were executed by the acting mayor and board of aldermen of the town under proceedings regular in form and taken in pursuance of authority conferred by the statutes of Tennessee on municipal corporations that were "duly incorporated as such" under the act of 1875 (chapter 92), amended by the act of 1877 (chapter 121); and it is recited on the face of the bonds that they were issued "in payment of a subscription for stock in the Nashville & Tellico Railroad Company, pursuant to the statutes of said state authorizing towns and municipal corporations to subscribe for stock in railroads and to issue their bonds in payment therefor"; yet it is agreed that none of this stock was ever issued to the town of Athens or to any one in its behalf, and we find nothing to indicate that the railroad was ever constructed in or about the city of Athens, or for that matter elsewhere. Certainly, if we bear in mind the absence of anything in the incorporating acts to indicate a purpose to provide for payment of the bonds, the instant case cannot be treated the same as it

---

[1] This incorporating statute was a special act, approved March 25, 1891 (Acts 1891, p. 177). Another act was approved March 26, 1903, in terms abolishing this charter and empowering the board of mayor and aldermen, with the recorder, to pay the liabilities of the city, not the town, of Athens, from funds on hand and to be collected in the form of taxes, etc. (Acts 1903, p. 417); on the following April 7th another special act was passed to incorporate the city of Athens under the name of "the mayor and aldermen of the city of Athens," changing in some measure the territorial limits and investing the new corporation with powers similar to those created under the act of March 25, 1891 (Id., pp. 923 to 938); and again, on February 5, 1909, the previous corporate name, city of Athens, was restored (Acts 1909, p. 63), and it is agreed that the present defendant is the corporation that was created April 7, 1903, under the restored name given by the act of February 5, 1909, as stated.

might have been if the town of Athens had received, and the city of Athens were now in the enjoyment of, a full consideration for the bonds. It might well be that in such a situation the city of Athens could not both retain the benefits derived under the bonds and refuse to pay them; and, further, it may be conceded here as it was below, that if the bonds had constituted a valid debt of the town of Athens the subsequent incorporating act would have been sufficient to fix liability for them upon the city of Athens; but plainly these questions do not arise.

[6] We therefore have a case where a town, affected by a fatal infirmity in its attempt to incorporate, issued bonds which by reason of such infirmity were adjudged to be void instruments, and where nevertheless it is now sought to recover upon the bonds in the absence of any statutory provision tending to show a legislative purpose to validate them or in any form to impose liability for their payment. Such legislative omissions cannot, of course, be supplied by a court. It results, in our judgment, that the case is ruled by Hays v. Holly Springs, 114 U. S. 120, 126, 5 Sup. Ct. 785, 788 (29 L. Ed. 81). Certain bonds of the city of Holly Springs were there involved, together with a statute relied on as a curative act. Relief was denied, Mr. Justice Blatchford saying:

"The intention of the Legislature to confirm and ratify the subscription in question cannot be ascertained, with certainty, from the language of the act, which is too vague to form the basis of so important an authority as that sought to be deduced from it. As is said in State v. Stoll, 17 Wall. 425, 436 [21 L. Ed. 650], if the Legislature intended to do what is claimed, ·'it was bound to do it openly, intelligibly and in language not to be misunderstood,' and 'as a doubtful or obscure declaration would not be justifiable, so it is not to be imputed.' Even a bona fide holder of a municipal bond is bound to show legislative authority in the issuing body to create the bond. Recitals on the face of the bond, or acts in pais, operating by way of estoppel, may cure irregularities in the execution of a statutory power; but they cannot create it. If, as in the present case, legislative authority was wanting, the bond has no validity."

We are the more content to deny relief because of the admitted fact that the bonds were obtained by plaintiffs nearly 6 years after their maturity, and, as we have in substance said, with actual notice of the fact that they had been declared void in Ruohs v. Athens more than 22 years before; the bonds were purchased for less than 3 per cent. of their face value, subject to a provision that the sellers should receive in addition 20 per cent. of any recovery, though it must be said that the sellers are not responsible for any of the costs or expenses of the suit.

The judgment is affirmed.