ISIDORO INFANTE, Petitioner and Appellant, *v.* BOARD OF MEDICAL EXAMINERS OF PUERTO RICO, ETC., Respondent and Appellee.

No. 5206. Argued December 12, 1930.—Decided April 8, 1932.

*Armando A. Miranda* for appellant. *James R. Beverley, Attorney General,* and *A. Ortiz Toro, First Assistant Attorney General,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The present appeal was taken by Isidoro Infante from an order of the District Court of San Juan discharging an alternative writ of mandamus, issued at the request of the petitioner to compel the Board of Medical Examiners to admit him to examination.

The facts of this case in so far as pertinent are the following: In February, 1929, the appellant applied to the Board of Medical Examiners for admission to the examinations

that were to be held the next month, and he attached to his application a diploma of physician and surgeon issued in 1928 by "The Kansas City University of Physicians and Surgeons," of Kansas City, Missouri, United States of America. He did not present to the Board a high-school diploma, nor did he submit such diploma at the hearing of the writ of mandamus; but after the decision appealed from had been entered, he exhibited a diploma issued in his favor by the *"Instituto José de Diego,"* of San Juan, Puerto Rico, in support of his motion for a reconsideration of such decision.

The appellant began his medical studies in the aforesaid university in September, 1923, after taking a two-year preparatory course in Howard University. The Board of Medical Examiners refused to admit appellant to examination because the university from which he graduated is classified under letter "C" by the Board and by the American Medical Association. According to the evidence introduced at the hearing of the mandamus, only one state of the Union and the District of Columbia admit to examination such graduates, and in the State of Missouri where said university is located, the latter is also classified under the letter "C," which is the lowest classification.

As to the classification of that university, there is no question in this case, and the appellant does not claim such classification to be erroneous. The controversy is as to which of the various laws promulgated on the subject is applicable in the case of the appellant, since the requirements provided by them in connection with the admission of candidates for examination as physicians are different. The second ground of appeal rests on this question. We shall disregard the first assignment because it is immaterial, as it is based on an isolated statement made by the judge of the lower court and the appellant has failed to take into consideration other statements showing that the court knew what was the issue involved; so we shall not make any further reference to it.

The original statute creating the Board of Medical Examiners in this Island was enacted in 1903 and is published in the Revised Statutes of Puerto Rico, pp. 330–333, together with the amendments made in 1906 and 1911. According to this statute and its amendments, any person wishing to be admitted to examinations on medicine or surgery or any of the branches thereof, must present to the Board a diploma showing that the applicant was graduated from a medical school or institution "in good standing." This law was in force when in September, 1923, appellant began his studies of medicine in the university at Kansas City, for although Act No. 73 was promulgated on July 30, of that year (Laws of 1923, p. 548), by express provision thereof it did not become effective until November 1st of the same year.

Act No. 73 of 1923 just cited repealed all laws in conflict therewith, and by its section 14 it provided that in order to be admitted to examination as a physician the applicant must present a diploma of physician and surgeon issued by a university or college classified under letters "A" or "B," according to the classification of the Medical Association, if such college or university is established in the United States. It is stated in the same section that its provisions shall not be applicable to medical students who commenced their studies prior to the date of the taking effect of the act, and that to such students there shall be applied the provisions of the law in force at the time they began their studies in good faith.

Another Act, No. 15 of 1924 (Session Laws, p. 122), by its section 8 amended section 14 of the Act of 1923 in the sense that the applicants for examination as physicians shall present to the Board a diploma issued by a high school requiring a minimum course of four years the standard of which, at least, shall be equal to the standard established for high schools in Puerto Rico by the Department of Education of this Island; proof of having passed not less than a two-

year course in an authorized college of liberal arts or sciences where extensive studies are required and approved, among other subjects, in organic and inorganic chemistry, advanced physics, advanced biology, and one foreign language; and shall present a diploma or degree of physician and surgeon showing that the applicant has pursued and passed in at least four courses of not less than seven months each during four different years in the medical schools of the United States or of foreign countries registered by the Board and maintaining the highest educational level in subjects pertaining to the profession. It is also provided that, besides its own judgment in the registration of recognized medical schools, the Board shall have power to govern itself in such registration by the classification adopted by the State boards in the United States with which reciprocity is maintained. This section further provides that nothing contained therein shall be applicable to such persons as shall have taken steps before the Board of Medical Examiners of Puerto Rico for admission to examination prior to the taking effect of the Act, which was approved on July 1, 1924. Such is the law now in force, for even though Act No. 45 of 1927 (Session Laws, p. 246) amended said section 14, a subsequent Act, No. 20 of 1928 (p. 154), re-enacted the said section 14 as amended in 1924, and expressly repealed all laws in conflict therewith.

From the foregoing it appears that the Act of 1923, which required a diploma or degree of physician issued by a university or college classified under the letters "A" or "B," was promulgated on July 30, before the appellant commenced his studies in September of that year, and that the provision thereof to the effect that it would not be applicable to the applicants who commenced their studies of medicine prior to November 1st, when it would take effect, was modified in 1924 and re-enacted in 1928 in the sense that the new law would not be applicable to such persons as would have taken

steps before the Board of Examiners for admission to examination before the approval of said act in April 19, 1928.

The question to be determined in this case is whether the requisites which the appellant must fulfill in order to be entitled to the examination, and the requirements as to the university which issued the diploma of physician to him, are governed by the Act of 1903 and its amendments, in force in September, 1923, when appellant began his studies of medicine, or by the Act of 1928, in force at the time he applied for the examination.

The appellant urges that, inasmuch as he commenced his studies of medicine when the Act of 1903, as amended in 1906 and 1911, was in effect, its provisions, not those of subsequent laws, are applicable to him; and he cites to us section 3 of the Civil Code providing that laws shall not have a retroactive effect unless they expressly so decree and that in no case shall the retroactive effect of the law operate to the prejudice of rights acquired under previous legislative action, as well as various decisions of this Court relating to that section and involving cases that are distinct.

Any person has the right to practice medicine, law or any profession or business that he may choose, not as an absolute right, but only as a mere license subordinate to such requisites and conditions as the Legislature may impose in the exercise of its police power for the benefit of the community. *Dent* v. *West Virginia,* 114 U. S. 121; *Hawker* v. *New York,* 170 U. S. 189; 48 C. J. 1068; Cooley's Constitutional Limitations, 6th ed., p. 745. That is why the state may vary at any time the laws on that subject for the benefit of the community, as it did with respect to the physicians in order to increase the degree of skill required. In *Ex parte Huertas,* 33 P.R.R. 788, an attorney passed the first year's examination for admission to the bar in 1911, when another law on the subject had been approved but was not in effect; afterwards he passed the examinations for the next two years

and, having applied for admission to the practice of law without examination, his petition was denied. In another case, *Virella* v. *Carreras et al.*, 22 P.R.R. 722, a physician who obtained his diploma under the Act of 1903, applied for examination when his university had not yet been classified, and his application was denied on the ground that said university was subsequently classified under letter "C."

Therefore, laws of this character apply to everybody from the time they become effective even though they may establish other requisites than those formerly existing, except where the contrary is expressly provided therein; and although the Act of 1923 had such a clause in favor of persons who had already begun their studies, it was repealed by the Act of 1928, which replaced it in favor of persons having applied for examination before the law took effect. The said enactment of 1923 did not prevent its being modified and it did not create any right in favor of the appellant.

In the last analysis, this matter lacks practical importance because, even though the Act of 1903 and its amendments of 1906 and 1911 were applicable to the appellant, the fact would always remain that under those statutes the diploma must be issued by a university or college "in good standing," and we have seen that the university from which the appellant is a graduate lacks that qualification, as it is classified under letter "C," which is the lowest, and such graduates are not admitted to examination in the United States, except in one state and in the District of Columbia.

The third ground of appeal need not be discussed because the reconsideration denied was not based on the merits of the case, but on evidence not offered to the board nor to the court below.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.