## TUTTLE *v.* KNOX COUNTY.

### (*Knoxville.*   September 27, 1890.)

1. PUBLIC ROADS.   *Road law of 1889 unconstitutional.*

   The "road law" of 1889 is unconstitutional to the extent that it pro-
   vides for the taking of private property for public use in opening and
   changing the public highways.   The fatal defect of this statute is its
   failure to designate by whom the land-owner's damages shall be paid,
   and to provide an effectual remedy to enforce payment thereof.

   Constitution construed: Art. I., Secs. 8, 21.

   Acts construed: Acts 1889, Ch. 71, Sec. 8.

2. SAME.   *Same.*

   That Act violates Art. I., Sec. 8, of the Constitution, which ordains
   "that no man shall be deprived of his property, but by the judgment
   of his peers or the law of the land."

3. SAME.   *Same.*

   And violates also Art. I., Sec. 21, of the Constitution, which provides
   that "no man's property shall be taken or applied to public use with-
   out the consent of his representatives, or without just compensation
   being made therefor."

4. SAME.   *Proceedings under Act of 1889 cannot be maintained under pre-
   existing law.*

   Proceedings to open public road, had in conformity to Act of 1889,
   cannot be maintained under pre-existing laws, because (1) they are
   not in substantial conformity to the pre-existing law, and (2) the pre-
   existing law is expressly repealed by the Act of 1889.

   Acts construed: Acts 1889, Ch. 71; Acts 1885, Ch. 2.

---

FROM KNOX.

---

Appeal in error from Circuit Court of Knox
County.  CHARLES NELSON, Sp. J.

WAT M. COCKE and ANDREWS, THORNBURGH & SANFORD for Land-owners.

TAYLOR & HOOD and INGERSOLL & PEYTON for Petitioners.

TURNEY, Ch. J.  Under the Act of March 25, 1889, Section 8, page 100, certain citizens of Knox County petitioned the County Court to lay out a public road in the Twelfth District.  Petitioners obtained relief in the lower Court.  Tuttle appealed.

Section 8 of said Act is as follows: "That all applications to open, change, or close a public road shall be made to the County Court, which shall have power to appoint a jury of view, consisting of not less than three nor more than five men, provided five days' notice shall be given to all land-owners, or parties controlling lands which are touched by said roads proposed to be located, changed, or closed, which jury may employ a surveyor or a civil engineer; and said jury shall have the power of condemnation and to assess damages, and parties aggrieved may appeal to the County Court; *And provided further*, That seven Justices may constitute a quorum to try all appeals in road cases."

The Act nowhere provides for the payment of damages to the land-owner, and of course gives him no remedy to secure them.

By Article I., Section 8, of the Constitution, it

is ordained " that no man shall be deprived of his property, but by the judgment of his peers or the law of the land." ·

By Section 21 "no man's property shall be taken or applied to public use without the consent of his representatives or' without just· compensation being made therefor."

· The Act before us is violative of these ·provisions of the Constitution in that it nowhere provides a means of collecting damages, or just compensation for property proposed to be taken for public use, nor by whom such compensation shall be' paid.

While the Act provides that the jury of view may assess the damages, it contains no authority to assess them against any individual, corporation, or municipality. It leaves to speculation who is to be responsible, the public or the individuals who ask for the road; and there is no authority to any Court to render a judgment.

If the law were enforced, it would result in assessment of damages without more, and upon such assessment the owner would be deprived of his property for public use, and receive no compensation therefor.

The purposes of the Constitution are to place the citizen in a position to demand and receive compensation; that the enabling statutes shall point out the persons who shall pay the compensation, and at the same time furnish the remedy for the enforcement of that payment. None of these

things are done by the eighth section of the Act, and it is therefore unconstitutional and void.

As the Act of April 9, 1885, provides for proceedings different in every essential matter, with a different organization to carry them out, the present application to the County Court cannot, by construction, be referred to and determined by it.

An additional reason why we cannot refer proceedings under the Act of 1889 to that of 1885, or any other statute, is that the Act of 1889 is entitled "An Act to regulate the laying out and working of public roads and compile the road law, and to include all laws on this subject in one Act;" and Section 33 enacts "that all Acts passed heretofore providing for the working and laying out of public roads, except such as are incorporated in this Act, be, and the same are hereby, repealed, it being the intention of this Act to compile all laws on the subject of laying out and working public roads, and to include them in this Act," etc.—a repeal, in terms, of all laws on the subject.

Reverse the judgment and dismiss the proceedings at the cost of petitioners.