WATAUGA WATER CO. *v.* EVALINE SCOTT *et al.*

and

WATAUGA WATER CO. *v.* JOHNSON CITY WATER CO.

(*Knoxville.*   September Term, 1903.)

1. **EMINENT DOMAIN LAWS.** Compensation, and the mode
   of ascertaining it must be provided for.

   Eminent domain laws for the taking of property for public use
   must provide for just compensation, and the mode and manner
   of ascertaining and enforcing the same, or such laws will be
   unconstitutional and void.   (*Post, pp.* 326-327, 328.)

   Constitution cited and construed:   Art. 1, sec. 21.

   Cases cited and approved:   Railroad v. Love, 3 Head, 63; Ander-
   son v. Turbeville, 6 Cold., 161; White v. Railroad, 7 Heis., 518;
   Simms v. Railroad, 12 Heis., 623; Parker v. Railroad, 13 Lea,
   671; Tuttle v. Knox Co., 89 Tenn., 157; Saunders v. Railroad,
   101 Tenn., 206.

2. **SAME.** Water companies cannot condemn water rights.

   Water companies are not authorized by our eminent domain stat-
   utes to condemn water rights, nor the supply of water from
   springs on their own lands which flows over the lands of others.
   (*Post, pp.* 323-327.)

   Code cited and construed:   Secs. 1844-1867, 2499-2506 (S.); secs.
   1549-1572 (M. & V.); secs. 1325-1348 (T. & S. and 1858).

   Acts cited and construed:   1901, ch. 63.

3. **SAME.** Statute for condemnation of water rights must pro-
   vide for compensation.

   A statute authorizing the condemnation of water rights, but not
   providing for compensation, nor prescribing the mode and man-
   ner of establishing the same, when such rights are sought to be
   taken, is unconstitutional.   (*Post, p.* 328.)

   Acts cited and construed:   1901, ch. 63.

111 Tenn—21

4. **SAME.** Same. Failure not cured by our general statutes.

A statute authorizing the condemnation of water rights, and not providing for compensation, can not be read in connection with our general statutes for the condemnation of property for public use. (*Post, pp.* 327-328.)

Code cited and construed: Secs. 1844-1867, 2499-2506 (S.); secs. 1549-1572 (M. & V.); secs. 1325-1348 (T. & S. and 1858).

Acts cited and construed: 1903, ch. 63.

---

FROM WASHINGTON.

---

Appeal from the Circuit Court of Washington County. —C. J. ST. JOHN, Judge.

REEVES & REEVES and KIRKPATRICK, WILLIAMS & BOWMAN, for Watauga Water Co.

ISAAC HARR, THOMAS CURTIN, and J. B. COX, for Scott.

ISAAC HARR and THOMAS CURTIN, for. Johnson City Water Co.

---

MR. JUSTICE WILKES delivered the opinion of the Court.

These two causes are condemnation proceedings. The case, as made by the petition, is that the Watauga Water Company is a corporation organized under the general laws of the State for the purpose of establishing and constructing waterworks in or near the town of

Johnson City, Tenn., to supply that town with water. It is alleged that the town of Johnson City has a population of more than 4,000 and less than 10,000 inhabitants, by the last federal census, of 1900; that the petitioner has located its reservoir about a mile from the corporate limits of the town, and has constructed its system and laid its pipes into the town, and has a contract with the town of Johnson City to supply it with water for twenty years, both for the corporation and the inhabitants, and for this purpose to enter upon the streets and public ways of the town in order to lay its pipes, establish its system, and extend the same as may be found necessary.

That its supply of water is obtained in part from springs upon lands owned by it, and the streams from a portion of these springs flow, after leaving the fountain heads, over the lands of defendants; and that, in order to obtain an adequate and proper supply of water for the town, it is necessary to use that which flows from these springs, thus cutting off the flow of water over the lands of defendants, and collecting and gathering the same into the reservoir of the petitioner.

It claims to have the power to do this, as an exercise of the right of eminent domain, under the provisions of the statute (Shannon's Code, sections 1844, 2502) and the act of 1901 (Acts 1901, p. 90, c. 63), by paying proper compensation to the defendants who own the land over which the water flows after leaving the premises of petitioner.

Section 1844 *et seq.* are the statutes which provide for the condemnation of property for general improvement purposes; and section 2502, referred to, is the general statute relating to incorporating water companies, and prescribing their rights, powers, and liabilities. Under the provisions of this latter statute, water companies incorporated under it are empowered and authorized to condemn and take such lands as may be necessary for the establishment of their reservoir and works, and the right of way through all lands between their reservoir and the town to be supplied, and to lay pipes, aqueducts, and conductors, and keep the same in repair, provided such companies shall make compensation to the owners of the real estate condemned or taken, or through which the pipes, conductors, or aqueducts may be laid; and, if the owner and company cannot agree upon the compensation to be paid, then the same shall be assessed as provided by statutes compiled in sections 1844 to 1867, inclusive.

It is evident from the reading of this section and section 1844 that they do not authorize the condemnation of water rights or easements of water over the lands of another, and the stopping or interfering with the flow of the water in its natural course over the lands of third persons, even though the fountain source is on the premises of the water company, but only to the taking of real estate.

But it is insisted that this power of condemnation and the exercise of eminent domain in such cases and to

such extent is conferred by Acts 1901, p. 90, c. 63.    This act is as follows:

"Acts 1901, c. 63 (House Bill No. 948).

"An act to enable incorporated towns and cities in this State that have a population of not less than four thousand, and not exceeding ten thousand, by the federal census of 1900, or any subsequent federal census, and also all water companies, organized under the general laws of this State, that have or may have contracts to supply such towns and cities or the inhabitants thereof with water, to exercise the right of eminent domain when it is necessary for the proper laying down pipes or for the condemnation of riparian rights to procure a supply of water to meet the demands of said towns and cities and the inhabitants thereof.

"Section 1.    Be it enacted by the general assembly of the State of Tennessee, that incorporated towns and cities in this State that have a population of not less than four thousand and not exceeding ten thousand, by the federal census of 1900, or any subsequent federal census, and also all water companies organized under the general laws of this State, that have or may have contracts to supply such towns and cities or the inhabitants thereof with water, shall have the power to condemn a right of way through the lands of intervening property owners when it is necessary for the purpose of laying down pipes for said waterworks, and to condemn the water from springs owned by said towns and cities or said water companies, so as to procure a supply of

pure water to meet the demand of said towns and cities, and the inhabitants thereof."

The learned trial judge was of opinion that the proper construction of this act was only to grant permission to a water company to condemn the water of springs owned by towns or cities having the specified population, and that no rights existed in petitioner to condemn the riparian rights of defendants; and the petition was dismissed, and the petitioner has appealed and assigned error.

We are of opinion that the learned trial judge was in error in his construction of the act, and that its purpose and meaning is to give water companies or cities who own springs the right to condemn the water flowing from such springs for public use by collecting the same into reservoirs, and distributing it through the towns or cities for the use of their inhabitants. In other words, it is the meaning and purpose of the act that cities or towns or water companies furnishing water to cities or towns may appropriate the water from springs owned by them for supplying such cities and towns with water, even though the flow of the water be impeded or stopped, and the lower riparian owner be deprived thereof, and to this extent to exercise the right of eminent domain. The right to the natural flow of water is a property right, which might be condemned as any other property.

It is a fundamental principle of the law of eminent domain, and the taking of property for public use, that

Water Co. v. Scott.

it can only be done by making just compensation to the person whose property is taken, for its reasonable value; and any legislation which confers the right of eminent domain can only be valid upon condition that such compensation is provided for, and the mode and manner of ascertaining and enforcing the same is fixed and established.

This doctrine is not questioned, but the contention is that, although the act of 1901, which clearly attempts and purports to authorize the condemnation of the water flowing from springs owned by water companies, does not provide for compensation, nor prescribe the mode and manner of establishing the same when the water is sought to be taken, still this act may be read in connection with the general statutes (Shannon's Code, section 1844 *et seq.*, and sections 2499-2506, inclusive), and these general statutes provide not only for compensation, but prescribe the mode and manner of assessing the same.

We think this contention cannot be sustained. The general statutes (Shannon's Code, sections 2499-2506) refer alone to water companies supplying water to towns and cities, and not to the towns and cities which provide their own water and system of works, while the act of 1901 embraces both the municipal and water companies. In addition, as before stated, the general statutes (sections 2499-2506) do not authorize the condemnation of water rights, but only of rights of way for reservoirs, pipes, aqueducts, or conductors; and it is

only for this class of property, or property taken for these purposes, that compensation is provided in these acts.

The statutes (section 1844 *et seq.*) provide only for the taking of real estate, and assessing compensation therefor; and neither these statutes, nor those relating to water companies, provide for the condemnation of water rights, and the assessment of damages for such rights.

Acts 1901, p. 90, c. 63, cannot be treated as an amendment or extension of these acts, since neither in its caption nor body does it refer to them, but it appears to be an independent and separate act for the benefit not only of water companies, but also of cities and towns which supply their water, and makes no provision whatever for compensation; nor, if it could be treated as an amendment to the general statutes, do they together provide for compensation for this class of property.

In order to render legislation for the taking of private property for public use valid, there must be a provision made for compensation, and for ascertaining the amount of the same. Const., art. 1, section 21; *Railroad* v. *Love*, 3 Head, 63; *Anderson* v. *Turbeville*, 6 Cold., 161; *White* v. *N. & N. W. R. R.*, 7 Heisk., 518; *Simms* v. *Railroad*, 12 Heisk., 623; *Parker* v. *Railroad*, 13 Lea, 671; *Tuttle* v. *Knox Co.*, 89 Tenn., 157, 14 S. W., 486; *Saunders* v. *Railroad*, 101 Tenn., 206, 47 S. W., 155; 10 Am. & Eng. Ency. Law (2 Ed.), 1133, note 1.

We arrive at the same result as the learned trial judge, but upon different grounds; and his judgment is affirmed, with costs.