MRS. KATIE L. WRIGHT v. R. C. DONALDSON et al.

## (*Jackson*. April Term, 1920.)

1. **EMINENT DOMAIN.** Statute providing for appropriation of land for road purposes held unconstitutional for failure to provide for enforcement of payment of damages.

Privilege Acts 1917, chapter 288, section 9, providing for appropriation by counties of land for road purposes, *held* violative of Constitution, article 1, section 21, prohibiting the taking of private property without just compensation, in that it failed to provide owner an adequate remedy for the enforcement of payment of damages, in view of Shannon's Code, sections 681, 682. (*Post, p.* 260-262.)

Acts cited and construed: Acts 1917, ch. 288.

Cases cited and approved: Water Co. v. Scott, 111 Tenn., 322; Memphis v. Hastings 113, Tenn., 157; State Highway Department v. Mitchell's Heirs, 142 Tenn., 58.

Case cited and distinguished: Tuttle v. Knox, County, 89 Tenn., 157.

Codes cited and construed: Secs. 681, 682 (S.); Sec. 1844 (T.-S.).

Constitution cited and construed: Sec. 21, art. 1.

2. **STATUTES.** Act relating to road in certain counties held not to embrace more than one subject.

Privilege Acts 1917, chapter 288, described in title as an act to create a highway board of county commissioners in certain counties, to regulate construction and maintenance of roads and bridges, in such counties to provide for the election, qualification, and organization of such board, and to fix and to define their duties, compensation, etc., to provide for opening, closing, and changing of roads and the securing of rights of way and the raising of revenue for road purposes and which provides in the body of the act for the

creation of the county board of highway commissioners, and for the laying out of roads, raising of revenue for road purposes, election of highway commissioners, and other means to execute the act, *held* not to embrace more than one subject, in violation of Constitution, article 2, section 17. (*Post, pp.* 262-264.)

Case cited and approved: State v. Yardley, 95 Tenn., 553, State v. Brown, 103 Tenn., 456; Peterson v. State, 104 Tenn., 131; Railway Co. v. State, 110 Tenn., 617; Railroad v. Byrne, 119 Tenn., 299; Knoxville v. Gass, 119, Tenn., 438; Rhinehart v. State, 121 Tenn., 434; State ex rel. v. Persica, 130 Tenn., 55.

Constitution cited and construed: Sec. 17, art. 2.

3. **STATUTES.** Statute held not violative of constitutional provision requiring amended acts to be recited.

Privilege Acts 1917, chapter 288, relating to roads in certain counties *held* not violative of Constitution, article 2, section 17, chapter 3, providing that all acts which repeal, revive, or amend former laws shall recite in their caption or otherwise the title or substance of the law, repealed, revived, or amended, since each statute does not expressly repeal, revive, or amend other acts, and it is only to acts which do that the constitutional provision applies, (*Post, p.* 264.)

4. **STATUTES.** Constitutional provision as to recital of amended acts applicable only to statutes which expressly amend, repead, or revive existing laws.

Constitution article 2, section 17, chapter 3, requiring all acts which repeal, revive, amend former laws to recite in their caption or otherwise, the title or substance of the law repealed, revived, or amended, applies only to acts which expressly repeal, revive, or amend other acts, and not to acts which repeal, revive, or amend by implication. (*Post, p.* 264.)

Case cited and approved: State ex rel. v. McConnell, 71 Tenn., 340; State ex rel. v. Gaines, 72 Tenn., 353; Railroad v. Memphis, 126 Tenn., 267; State ex rel. v. Taylor, 118 Tenn., 229; Railroad v. Maxwell, 113 Tenn., 471; Railroad v. Railroad, 116 Tenn., 500; Railroad v. Crider, 91 Tenn., 506.

Wright v. Donaldson.

5. **STATUTES**. Unconstitutionality of statute relating to highways held to extend only to taking private property, and not to affect statute as a whole.

Unconstitutionality of Privilege Acts 1917, chapter 288, providing for the creation of a board of highway commissioners and for improvement of county roads, for failure to provide owner with adequate remedy for enforcement of payment of damages, extends only to the taking of private property, and does not affect validity of act in so far as it provides for acquisition of land by board of highway commissioners for road purposes by negotiation and purchase. (*Post, p.* 265.)

FROM LAKE.

Appeal from the Chancery Court of Lake County.— HON. V. H. HOLMES, Chancellor.

This case was disposed of at the April term, 1920, but opinion not written and filed until April 30, 1921.

STEELE & STEELE, for appellant.

FRED CALLAHAN, for appellees.

MR. JUSTICE HALL delivered the opinion of the Court.

This cause involves the constitutionality of chapter 288 of the Acts (Private) of 1917, which is the road law applicable to Lake county.

The complainant filed her bill in the chancery court of Lake county, seeking to enjoin the defendants, who constitute the highway commissioners of said county under said act, from taking and appropriating a portion of her

144 Tenn.—17

land for road purposes. The right of said commissioners to take and appropriate complainant's land is challenged by her bill upon the ground that said act is unconstitutional and void.

Upon the cause being heard before the chancellor a decree was rendered dismissing the bill; the chancellor being of the opinion that the act was valid. From this decree complainant has appealed to this court, and has assigned errors.

The constitutionality of said act is challenged upon several grounds. Among others, it is said that it provides for the taking of private property, for a public use, and does not provide any adequate remedy to the land-owner whose land is taken and appropriated for the enforcement of the payment of damages, and therefore violates section 21 of article 1 of our Constitution, which provides:

"No man's . . . property (shall) be taken, or applied to public use, without the consent of his representatives, or without just compensation."

Section 9 of said act reads as follows: "Be it further enacted, that all applications to open, close, or change roads shall be made by written petition setting forth the proposed change signed by one or more citizens, and addressed to the board of highway commissioners. If the proposed change appears advantageous the county board will give five days' notice to the person first appearing as signer to the petition and to all landowners affected by the proposed change, notifying them of the filing of the petition, and of the date on which the commission, or its duly authorized representative will be

present at the beginning point mentioned in the petition to act on the application.

"If any landowners affected by such proceedings be a nonresident of the county, then ten days' notice to his tenant, agent, or attorney residing in the county where the land is situated shall be sufficient, and if such non-resident has no tenant, agent, or attorney in said county, publication in some newspaper published in said county shall be sufficient notice to such owner.

"The commission may inspect the proposed road, or change therein, or may hear proof, and after due con-sideration shall make such orders in regard thereto as may be deemed for the best interest of the public and all concerned. If the application is granted and the land condemned.

"The commission shall assess such damages as, in their judgment, should be paid the owner, or owners, and shall appropriate an amount of road funds sufficient to pay such damages, expenses and costs incident to the proceeding, and the Commission shall make a written report of their actions and findings to the county court presided over by the chairman or county judge, describing the land and reciting all essential facts. Said report may be approved or disallowed, and a decree shall be entered on the minutes of the chairman's court, con-firming or overruling same.

"Any party interested, if dissatisfied, may, within five days after the entering of said decree, appeal to the next term of the circuit court of the county where the land lies, by giving bond, as required by law in appeal cases, which appeal, if taken by the landowner, shall not have

the effect of stopping the progress of the work or prevent the commission from carrying into effect the proposed change; provided, that no damages shall be paid until the owner of the land so condemned for road purposes shall have been deprived of the use and possession of same by the same being fenced out or used as a road.''

After a careful examination of the authorities, we are of the opinion that the act is violative of the section of the constitution above referred to, in that it nowhere provides an adequate remedy for the enforcement of the payment of damages, or just compensation for property proposed to be taken for public use. While section 9 of the act provides that the commissioners may assess such damages as, in their judgment, should be paid the owner or owners of the land proposed to be taken, and shall appropriate an amount of the road funds sufficient to pay such damages, the act nowhere provides a remedy in favor of the landowner for the enforcement of the payment of such damages. It does not charge the general funds of the county with the payment of the damages, and it is a matter of common knowledge and experience that the road funds in the hands of highway officers are frequently inadequate to pay and satisfy such damages. Furthermore, no remedy to the landowner is provided by the act for the enforcement or collection of damages in the event the commissioners should refuse to pay the damages out of the road funds belonging to the county, even if the same were adequate.

It is said on behalf of the commissioners, however, that if they should refuse to issue a warrent in favor of

the landowner for his damages they could be compelled to do so by a writ of mandamus.

This is probably true. But could this be done in a case where there are no road funds available out of which the damages may be paid? It is said that, in such event, the county could be compelled by a mandamus proceeding to levy a special road tax for the purpose of raising funds with which to pay the damages. This can only be done in cases where a judgment is rendered against the county. Shannon's Annotated Code, section 681, 682. The act under consideration does not authorize the taking of a judgment against the county for the damages in such cases.

In the case of *Tuttle* v. *Knox County,* 89 Tenn., 157, 14 S. W., 486, it was said:

"The purposes of the constitution are to place the citizen in a position to demand and receive compensation; that the enabling statutes shall point out the persons who shall pay the compensation, and at the same time furnish the remedy for the enforcement of that payment. None of these things are done by the eighth section of the act, and it is therefore unconstitutional and void."

In that case the court was passing upon the question involved in the instant case, involving the validity of a similar statute. To the same effect is the holding of this court in the cases of *Water Co.* v. *Scott,* 111 Tenn., 322, 76 S. W., 888, and *Memphis* v. *Hastings,* 113 Tenn., 157, 86 S. W., 609.

This case may be distinguished from the case of *State Highway Department* v. *Mitchell's Heirs,* 142 Tenn., 58, 216 S. W., 336. Neither of the acts involved in that case

undertook to prescribe the details of the procedure to be followed by counties or highway commissions in acquiring property for highway purposes. The acts, however, conferred the right of eminent domain, and this court held that the acts were passed with reference to the established mode of procedure in such cases existing at the time of their passage under section 1844 *et seq.* of Thompson's Shannon's Code, the general statutes regulating the taking of private property for works of internal improvement, except as such practice was sought to be modified by the act there involved. This court also further held in that case that it is sufficient if the statute, which authorizes the taking, makes due provision for compensation and a suitable remedy is open to the owner to have his damages assessed and to realize compensation for the same. The acts involved in that case authorized judgment to be rendered against the county in condemnation suits to appropriate land for highway purposes, and provided that such judgment should be paid out of the general funds, of the county. It was held that this sufficiently secured to the landowner payment of his compensation.

It is next insisted: That the act is unconstitutional and void because it embraces more than one subject, and is therefore violative of section 17 of article 2 of our Constitution, which provides that—"No bill shall become a law which embraces more than one subject, that subject to be expressed in the title."

That it is also violative of the third clause of said section, which provides that—"All acts which repeal, revive or amend former laws, shall recite in their

caption, or otherwise, the title or substance of the law repealed, revived or amended.''

The title of the act in question is as follows: ''A bill to be entitled 'An act to create a county board of highway commissioners in each county of the State of Tennessee, having a population of not less than 8,650 and not more than 8,750, according to the federal census of 1910, or any subsequent federal census; and to regulate the laying out, construction, repair and maintenance of roads and bridges in said counties; to provide for the election, qualification and organization of said board, and to fix and define their duties, powers, compensation, and term of office, to provide for opening, closing and changing roads, and to provide for the securing of rights of way by purchase, gift, eminent domain, or otherwise, and payment of damages for same; to provide for the raising of revenue for road and bridge purposes and for labor on said roads; to direct and empower the county court to levy taxes for road and bridge purposes; to provide for the registration of vehicles and payment of fees therefor; to make it a misdemeanor to violate the terms of this act; to abolish the office of county road commissioner; to repeal all laws and parts of laws in conflict with this act, and for other purposes.''

The subject which the act in question undertook to deal with was county highways, and we are of the opinion that the matters and things provided for in the body of the act are only means, facilities, and instrumentalities for its enforcement, and for the accomplishment of its purpose. The act creates a board of highway commissioners for the county, and of necessity abolishes the

office of county road commissioner. It then provides for the laying out of roads, provides certain means for the raising of revenue for road purposes, and for the election of the board of highway commissioners, and prescribes their duties, and provides other means, which are germane and essential to a proper execution of said act.

It has been repeatedly held by this court that all matters which are germane to, or which are naturally and reasonably connected with, the general subject of the act, as well as all provisions which will facilitate the accomplishment of its purpose, may be properly included in its body, though not recited or stated in the title. *State* v. *Yardley,* 95 Tenn., 553, 32 S. W., 481, 34 L. R. A., 656; *State* v. *Brown,* 103 Tenn., 456, 53 S. W., 727; *Peterson* v. *State,* 104 Tenn., 131, 56 S. W., 834; *Railway Co.* v. *State,* 110 Tenn., 617, 75 S. W., 730; *Railroad* v. *Byrne,* 119 Tenn., 299, 104 S. W., 460; *Knoxville* v. *Gass,* 119 Tenn., 438, 104 S. W., 1084; *Rhinehart* v. *State,* 13 Cates, 434, 117 S. W., 508, 17 Ann. Cas., 254; *State ex rel.* v. *Persica,* 3 Thomp., 55, 168 S. W., 1056.

Nor do we think that said act is in violation of the third clause of said section of our constitution, providing that—"All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended."

This provision only applies to acts which expressly repeal, revive, or amend other acts. It does not apply to acts which repeal, revive, or amend by implication. Acts which repeal or amend former acts by implication need not recite in their title or otherwise the title or substance of the laws so repealed or amended. *State*

*ex rel.* v. *McConnell,* 3 Lea, 340; *State ex rel.* v. *Gaines,* 4 Lea, 353; *Railroad* v. *Memphis,* 126 Tenn., 267, 148 S. W., 662, 41 L. R. A. (N. S.), 828, Ann. Cas., 1913C, 153; *State ex rel.* v. *Taylor,* 118 Tenn., 229, 104 S. W., 242; *Railroad* v. *Maxwell,* 113 Tenn., 471, 82 S. W., 1137; *Railroad* v. *Railroad,* 116 Tenn., 500, 95 S. W., 1019; *Railroad* v. *Crider,* 91 Tenn., 506, 19 S. W., 618; *State* v. *Yardley, supra.*

The act under consideration does not expressly undertake to repeal or amend any former statute. There is no repealing clause in the body of the act. Therefore, if any former act were repealed by its passage, it was only by implication.

We are of the opinion that the act under consideration is unconstitutional and void to the extent that it provides for the taking of private property for public use without providing adequate means or remedy to the owner for collecting his damages, or just compensation for the property proposed to be taken. This defect does not, however, go to the integrity of the whole act, as the board of highway commissioners may be able to acquire lands necessary for road purposes by negotiation and purchase.

It results that the decree of the chancellor dismissing complainant's bill, and denying her the relief sought, will be reversed, and a decree will be entered here, enjoining the highway commissioners for Lake county from appropriating any portion of the complainant's land for road purposes. The highway commissioners will be taxed with the costs of the cause. .

McKINNEY, J., being incompetent, did not participate in the disposition of this case.