GEORGE BRAGG, Chairman, *et al. v.* LEVERETT YEARGIN *et ux.*

*(Nashville.  December Term, 1921.)*

1. **EMINENT DOMAIN.**  Statute giving school boards right of eminent
   domain held unconstitutional as not providing just compensation.

   Public Acts 1915, chapter 149, sections 1-4, authorizing county boards
   of education and county high school boards to condemn land for
   public school purposes *held* violative, of Constitution, article 1,
   section 21, and Constitution, U. S. amendment 5, prohibiting the
   taking of private property without just compensation, in that it
   does not provide for the assessment of the land at its fair cash
   value and does not afford the owner a remedy for the collection
   of the amount fixed by the court, on appeal from the determination
   of the board of appraisers, in excess of the amount fixed by such
   board.  (*Post, pp.* 647-649.)

   Acts cited and construed: Acts 1915, ch. 149.

   Cases cited and approved:  Wright v. Donaldson, 230 S. W., 605;
       Tuttle v. Knox County, 89 Tenn., 157;  Water Co. v. Scott, 111
       Tenn., 322;  Memphis v. Hastings, 113 Tenn., 157.

2. **CONSTITUTIONAL LAW.**  Owners' failure to appeal from board
   of appraisers in condemnation proceedings did not preclude them
   from later questioning constitutionality of statute.

   The owners' failure, in school board's proceeding to condemn land
   for school purposes under Public Acts 1915, chapter 149, to ap-
   peal from the action of the board of appraisers under section 4,
   did not preclude them from attacking the constitutionality of
   such statute in school board's suit to require them to surrender
   possession of the property, since, if the statute was invalid, the
   owners had a right to disregard it and to refuse to surrender the
   possession of their property sought to be taken thereunder.  (*Post,
   p.* 649.)

*On power to exercise eminent domain for purpose of school, see
note in 48 L. R. A. (N. S.), 485.

FROM CANNON.

Appeal from the Chancery Court of Cannon County.—
Hon. W. R. Officer, Chancellor.

Sterling S. Brown, for appellants.

H. T. Stewart and Cummings & Melton, for appellees.

Mr. Justice Hall delivered the opinion of the Court.

This cause involves the constitutionality of chapter 149
of the Public Acts of 1915. The title of said act reads as
follows:

"An act entitled an act to extend to county boards of
education and county high school boards, the right of emi-
nent domain and to take and use private property for pub-
lic school purposes, and to provide for a board of appraisers
and to define their duties."

Section 1 of said act provides: "That county boards of
education and county high school boards be and the same
are hereby empowered to exercise the right of eminent do-
main and to take and use private property for public school
purposes as hereinafter provided."

Section 2 provides: "That the county judge or chair-
man of county court, the county court clerk, and the county
superintendent, shall constitute a board of appraisers whose
duty it shall be to determine the value of the land as here-
inafter provided."

Section 3 reads: "That in case the owners of such prop-
erty and the county board of education or county high

school board fail to agree on the price to be paid for such property, it shall be the duty of the board of appraisers at the request of either the owner or the county board of education, or county high school board, or both, to go upon the land and under oath fix a fair and equitable value upon said land without taking into consideration either detriment or benefit to said property or any adjacent property on account of its being used for school purposes."

Section 4 provides: "That in case the owner or county board of education or county high school board, fail to concur in the findings of the board of appraisers and appeal to a court of competent jurisdiction for final adjudication, the county board of education or county high school board, may, by depositing with the county trustee a fund to indemnify the owner, equal in amount to the value fixed for the land in question by the board of appraisers, proceed with the construction of the schoolhouse or other necessary buildings; and when the court of competent jurisdiction has passed upon the case, on the payment to the owner of the amount decreed by the court to be just and equitable, the owner shall make a deed in fee simple to said county board of education or county high school board, and their successors in office."

Some time prior to the filing of the bill in this cause, complainants, constituting the high school board of Cannon county and the county high school board of education for said county, proceeding under the provisions of the act above set out, undertook to condemn for public school purposes one acre of land belonging to the defendant Vera Yeargin, wife of the defendant Leverett Yeargin, situated in the Tenth civil district of Cannon county, and bounded as follows:

"Beginning on a fence post in the line of Yeargin and the schoolhouse lot line, running thence south seven degrees west, eleven and three-fifths poles to a stake in Yeargin's field; thence south eighty-six degrees west thirteen poles to a telephone pole on the north side of Clear Fork road; thence north two degrees east with the fence twelve poles to a stake, the corner of original schoolhouse ground; thence north eighty-six degrees east to the beginning, fourteen poles."

At the instance of complainants the board of appraisers provided by said act and composed of George Bragg, chairman of the county court, B. F. Wood, county court clerk, and W. H. Finley, county superintendent of Cannon county, went upon the land of defendant Vera Yeargin, first giving her and her husband written notice on April 21, 1921, that on May 5, 1921, said board of appraisers would go upon the premises of said defendants for the purpose of surveying and appraising said one acre of land for a site for the Gassaway High School building and ground, and surveyed and set apart by metes and bounds said acre of land above described, and assessed and fixed its value at $400, after which complainants tendered to the defendant Vera Yeargin said sum of $400, which she refused to accept, and refused to surrender the possession of said acre of land to complainants, or to execute a deed to them for said land. Whereupon, the present bill was filed to recover the possession of said land from defendants, and to have the title divested out of the defendant Vera Yeargin and vested in complainants for the use of Cannon county.

The bill prayed for a mandatory injunction commanding defendants to surrender possession of said property to complainants.

An injunction was issued upon the *fiat* of the Honorable John E. Richardson, circuit Judge, enjoining defendants from entering upon said acre of land so surveyed and set apart by the board of appraisers to complainants for school purposes, and from in any manner interfering with complainants in their effort to take possession of said land.

Defendants demurred to the bill upon the following grounds:

(1)   That chapter 149 of the Acts of 1915, under which complainants attempted to proceed, is unconstitutional and void in that it violates the Constitution of the United States as amended by article 5, which provides that private property shall not be taken for public use without just compensation.

(2)   That said act is unconstitutional because violative of section 21 of article 1 of the State Constitution, which is as follows:

"That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor."

On the hearing the chancellor sustained said demurrer and dismissed complainants' bill. From this decree complainants have appealed to this court, and have assigned the action of the chancellor for error.

We are of the opinion that the act is violative of the sections of the Federal and State Constitutions above referred to, in that it fails to provide an adequate remedy for the enforcement of the payment of just compensation for property proposed to be taken for public use. While section 3 of the act provides that the board of appraisers shall go upon the land and under oath assess or fix the

fair and equitable value of the land to be taken, no sure and certain remedy is provided in favor of the landowner for the enforcement of the payment of such damages. It is true that in section 4 of said act it is provided that in case the owner or county board of education, or county high school board, fail to concur in the finding of the board of appraisers, and appeal to a court of competent jurisdiction for final adjudication, the county board of education or county high school board may, by depositing with the county trustee a fund to indemnify the owner, equal in amount to the value fixed for the land by the board of appraisers, proceed with the construction of the school-house or other necessary buildings; and when the court of competent jurisdiction has passed upon the case, on the payment to the owner of the amount decreed by the court to be just and equitable, the owner shall make a deed in fee simple to said county board of education or county high school board, and their successors in office.

We do not think this meets the requirements of the Constitution. In the first place, the act does not provide that the land to be taken shall be assessed at its fair cash value, but at its fair and equitable value. This may or may not be its fair cash value, and is too indefinite. In the second place, if the court of competent jurisdiction should, upon appeal, award the landowner for the land taken a sum greater than that fixed by the board of appraisers, then the landowner has no sure and certain remedy by which he can enforce the collection of the amount over and above that fixed by the board of appraisers. The board of appraisers fixed the value of the land to be taken in the instant cause at $400. On appeal to a court of competent jurisdiction that court might fix the value of the land to

be taken at a greater sum. What remedy is afforded the landowner under the act for the collection of this excess? None. Neither of the school boards may have any funds available for paying this excess, and no remedy to the landowner is provided by the act for the enforcement of the collection of such excess in the event the school boards have not in their hands sufficient funds to pay it, or in the event they should refuse to pay such excess. In fact, the act wholly fails to charge any general fund of the county with the payment of such excess, still the act provides that the school boards may, pending the appeal, take possession of the land and proceed with the construction of the school-house or other necessary buildings thereon, and the land-owner is left without any remedy whatsoever as to such excess.

We think this case is controlled by *Wright* v. *Donaldson* (Tenn.), 230 S. W., 605; *Tuttle* v. *Knox County,* 89 Tenn., 157, 14 S. W., 486; *Water Co.* v. *Scott,* 111 Tenn., 322, 76 S. W., 888; *Memphis* v. *Hastings,* 113 Tenn., 157, 86 S. W., 609.

But it is said that defendants are precluded by their failure to appeal from the action of the board of appraisers.

We do not think so. The action of the board of appraisers being a nullity because of the invalidity of the act under which they proceeded, defendants had the right to disregard it and refuse to surrender the possession of the property sought to be taken, and to challenge complainants' right to said property in this suit, the purpose of which is to have the title of said property divested out of defendants and vested in complainants, and the possession of same decreed.

There is no error in the decree of the chancellor, and it is affirmed, with costs.